SAVOY, Judge.
This suit was instituted by plaintiff under the Workmen’s Compensation Act. Plaintiff’s husband was injured on July 14, 1966, while working for the City of Lake Charles. By stipulation it was agreed that plaintiff’s husband was injured while in the course and scope of his employment, and that his injuries were of a permanent nature. Plaintiff’s husband died on October 12, 1969, more than two years following the accident. It was stipulated by counsel that defendant, Hartford Accident & Indemnity Company, the insurer of the City of Lake Charles, had paid medical expenses in the sum of $2,500.00 and had paid workmen’s compensation benefits from the date of the accident until plaintiff’s husband’s death.
Defendant filed an exception of no right of action on the basis that more than two years had elapsed from the time of the injury to the time of the death. The exception was referred to the merits, and after hearing all of the evidence, the trial court maintained the exception and dismissed plaintiff’s suit. Plaintiff appealed.
LSA-R.S. 23:1231 provides in part that:
“For injury causing death within two years after the accident there shall be paid to the legal dependent of the employee, actually and wholly dependent upon his earnings for support at the time of the accident and death, a weekly sum as hereinafter provided, for a period of four hundred weeks * *
This case is on all fours with the case of Hawkins v. Employers Casualty Company, 177 So.2d 613 (La.App. 3 Cir. 1965), writ refused, 248 La. 429, 179 So.2d 272, in which our State Supreme Court, in refusing the writ, stated that no error of law was found.
In Hawkins, supra, plaintiff, widow of the deceased, Iara Hawkins, filed suit against his employer and its insurer, in tort and alternatively under the Workmen’s Compensation Act, for damages or compensation benefits resulting from the death of her husband. Defendants filed pleas of prescription of one year under LSA-C.C. Article 2315 for the damages due, and two years under the Workmen’s Compensation Act. After a hearing, all exceptions were maintained, and plaintiff’s suit was dismissed. She appealed. In her suit she alleged her husband sustained injuries on November 28, 1960, while in the scope of his employment, and as a result of these injuries he died on June 5, 1964. On appeal this Court said that under LSA-R.S. 23:-1231, since the death occurred more than two years after the accident, the claims under the Workmen’s Compensation Act had expired.
Under the facts of this case, it is evident that the exception of no right of action is correct for the reasons above cited.
For the reasons assigned the judgment of the district court is affirmed at plaintiff’s costs.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.
TATE, J., not participating.