482 So.2d 1009 (1986)
R. Nell DESSELLE, Plaintiff-Appellant,
v.
LIBERTY MUTUAL INSURANCE COMPANY, et al., Defendants-Appellees.
No. 84-1031.
Court of Appeal of Louisiana, Third Circuit.
February 5, 1986.
*1010 Michael W. Shannon, Alexandria, for plaintiff-appellant.
James A. Bolen, Jr. of Bolen & Erwin, Alexandria, for defendants-appellees.
Before GUIDRY, FORET and DOUCET, JJ.
GUIDRY, Judge.
This is an appeal from a judgment sustaining the defendants' exceptions of prescription and no cause and no right of action, and dismissing the plaintiff's suit with prejudice. We affirm.
Plaintiff's spouse was injured on July 29, 1981 while in the course and scope of his employment. He received worker's compensation benefits until his death on November 22, 1983. The decedent's demise occurred more than two years after the date of the work related injury. On April 18, 1984, some thirty-three months after the accident, plaintiff-appellant, the alleged dependent widow of decedent, filed suit for death benefits under the compensation scheme. After defendants filed exceptions of prescription, no right and no cause of action, the plaintiff was allowed to file a supplemental and amending petition alleging that La-R.S. 23:1231 violates substantive and procedural due process and equal protection rights under the state and federal constitutions.
The issues presented here are whether a dependent spouse has a cause of action for worker's compensation death benefits if the death of the injured employee occurs more than two years after the date of the accident, and whether La.R.S. 23:1231 violates the state or federal constitutions.
Initially we will discuss and resolve the various constitutional claims that the appellant has asserted.
Appellant argues that the application of La.R.S. 23:1231 denies to appellant equal protection of the law and violates substantive due process.[1]
*1011 In Bazley v. Tortorich, 397 So.2d 475 (La.1981), the guidelines for examining constitutional challenges against statutes raising substantive due process and equal protection issues were succinctly set forth as follows:
"The basic framework of analysis of such a claim is well settled. We must decide, first, whether the legislation operates to the disadvantage of some suspect class or impinges on a fundamental right explicitly or implicitly protected by the constitution, thereby requiring strict judicial scrutiny. If not, the legislative scheme must still be examined to determine whether it rationally furthers some legitimate, articulated state purpose and therefore does not constitute an invidious discrimination. Maker v. Roe, 432 U.S. 464, 97 S.Ct. 2376, 53 L.Ed.2d 484 (1977); San Antonio School District v. Rodriguiz, 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973); Burmaster v. Gravity Drainage Dist. No. 2, 366 So.2d 1381, 1387-88 (La.1978); Everett v. Goldman, 359 So.2d 1256 (La.1978); Succession of Robins, 349 So.2d 276 (La.1977)."
This case does not involve a suspect class or a semi-suspect class. A dependent, as described in La.R.S. 23:1231, does not come within the limited category of disadvantaged classes recognized by the Supreme Court. As stated in Bazley, supra:
"The statute does not classify persons on the basis of race, alienage, national origin, sex, or discriminate against discrete and insular minorities. Graham v. Richardson, 403 U.S. 365, 91 S.Ct. 1848, 29 L.Ed.2d 534 (1971); United States v. Carolene Product Co., 304 U.S. 144, 152 n.4, 58 S.Ct. 778, 783 n.4, 82 L.Ed. 1234 (1938)."
Nor does La.R.S. 23:1231 impinge on a fundamental right protected by the U.S. and Louisiana Constitutions.
In the area of substantive due process and equal protection, cases involving fundamental rights are to be distinguished from cases concerned with economic and social welfare legislation. Since worker's compensation statutes involve social welfare legislation, the proper test is whether the regulation is reasonable in relation to the goal to be obtained and is adopted in the interest of the community as a whole. West Coast Hotel Co. v. Parrish, 300 U.S. 379, 57 S.Ct. 578, 81 L.Ed. 703 (1937); Bazley v. Tortorich, supra; Everett v. Goldman, 359 So.2d 1256 (La.1978).
Applying these principles, we conclude that the statute in question can be upheld under the rationality test. La. Const. Art. I, §§ 1-2; U.S. Const.Amend. XIV. As stated in Bazley, supra:
"... The legitimate articulated state purpose served by the workers' compensation statute "will disclose that its purpose is primarily to `abolish the common-law system relating to injuries to employees as inadequate to meet modern conditions and conceptions of moral obligations, and substitute therefor a system based on a high conception of man's obligation to his fellow man * * *.' By that system the loss incurred as a result of the employee's injury is recognized `as an element of the cost of production to be charged to the industry rather than to the individual employer, and liquidated in the steps ending with consumption, so that the burden is finally borne by the community in general. * * *'" Puchner v. Employers Liability Assur. Corp., 198 La. [921] 922, 931 5 So.2d 288 *1012 (1941); see also, 1 Larson, Workers' Compensation, § 1."
The worker's compensation act is in the nature of a compromise. The injured worker is guaranteed a certain amount of compensation without having to file a tort claim in which negligence on the part of the employer would have to be established. At the same time the employer is relieved of the incalculable liability that might have been incurred without the worker's compensation system.[2] La.R.S. 23:1231 furthers this compromise goal by setting a specific and reasonable time limit after the occurrence of the injury as a "condition precedent" to the right of dependents to seek recovery of compensation death benefits under the worker's compensation act.
When social or economic legislation is at issue, the U.S. and Louisiana Constitutions allow the state wide latitude, United States Railroad Retirement Board v. Fritz, 449 U.S. 166, 101 S.Ct. 453, 66 L.Ed.2d 368 (1980); New Orleans v. Dukes, 427 U.S. 297, 96 S.Ct. 2513, 49 L.Ed.2d 511 (1976), and it is presumed that even improvident decisions will eventually be rectified by the democratic process. City of Cleburne, Tex. v. Cleburne Living Center, ___ U.S. ___, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985). As our Supreme Court stated in Bazley, supra, in upholding validity of the exclusivity provisions of the Worker's Compensation Act (La.R.S. 23:1032):
"We do not decide that the legislature's formulation of the exclusive remedy rule is wise, that it best fulfills the relevant social and economic objectives that Louisiana might ideally espouse, or that a more just and humane system could not be devised.[2] Conflicting claims of morality and intelligence are raised by opponents and proponents of almost every measure, certainly including the one before us. But the difficult economic and social problems presented by workers' compensation programs cannot properly be resolved by this Court. Cf. Dandridge v. Williams, supra, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491. Our federal and state constitutions may impose certain procedural safeguards upon systems of workmen's compensation, but they do not empower this Court to second-guess legislators who are charged with the heavy responsibility of regulating the social obligations that exist between the employee, the employer, and the public...."
(Footnote omitted).
Appellant argues that with the recent advances in medical science there is no need for the two year limitation. Such an argument would be better heard by the legislature.
We conclude that the trade-offs between tort and worker's compensation claims recognized by the legislature, which were spoken of earlier in this opinion, reasonably and rationally support the classification which La.R.S. 23:1231 creates. Neither the state nor the federal constitutional mandates of equal protection and substantive due process have been violated.
*1013 Appellant next contends that La. R.S. 23:1231 arbitrarily and capriciously denies her a right to compensation because of decedent's physical condition in violation of Article I, Section 3 of the 1974 La. Constitution.
Article I, Section 3 of the 1974 Louisiana Constitution, which contains our equal protection clause, also states in pertinent part:
"No law shall arbitrarily, capriciously, or unreasonably discriminate against a person because of ..., physical condition,..."
Appellant simply misconstrues the article. The article, which includes a non-exclusive list of those classes which are to be given equal protection under the Louisiana Constitution, applies directly to those described classes, not to their dependents.[3]
Even if this particular clause within the equal protection article of the Louisiana Constitution did apply to the appellant, we would still be forced to uphold La.R.S. 23:1231 under our previous equal protection analysis.[4]
Appellant finally contends that La. R.S. 23:1231 is in direct conflict with Article I, Section 22 of the 1974 Louisiana Constitution which states:
"All courts shall be open, and every person shall have an adequate remedy by due process of law and justice, administered without denial, partiality, or unreasonable delay, for injury to him in his person, property, reputation, or other rights."
The Louisiana Supreme Court in Burmaster v. Gravity Drainage District No. 2 of the Parish of St. Charles, 366 So.2d 1381 (1978) stated that:
"Where an injury has occurred for which the injured party has a cause of action, such cause of action is a vested property right which is protected by the guarantee of due process. See Gibbes v. Zimmerman, 290 U.S. 326, 332, 54 S.Ct. 140, [142] 78 L.Ed. 342 (1933); Pritchard v. Norton, 106 U.S. 124, 132, 1 S.Ct. 102, [107] 27 L.Ed. 104 (1882). However, where the injury has not yet occurred and the cause of action has not yet vested, the guarantee of due process does not forbid the creation of new causes of action or the abolition of old ones to attain permissible legislative objectives. See Silver v. Silver, 280 U.S. 117, 122, 50 S.Ct. 57, [58] 74 L.Ed. 221 (1929). Our jurisprudence has recognized the validity of legislative regulation of causes of action, including replacement and even abolition, that one person may have against another for personal injuries. See Ancor v. Belden Concrete Products, Inc., 260 La. 372, 256 So.2d 122 (1971); Colorado v. Johnson Iron Works, 146 La. 68, 83 So. 381 (1919); see also Heirs of Fruge v. Blood Services, 506 F.2d 841 (5th Cir.1975)."
(Emphasis ours).
In the present case the legislature adopted La.R.S. 23:1231 long before the decedent or the plaintiff had any vested right or cause of action. The aim of the statute, to limit the liability of the employer and his worker's compensation insurer after a reasonable period of time, while at the same time guaranteeing compensation to the employee, is a permissible legislative objective.
Further, in this regard we find the following from Bazely, supra, to be dispositive of this issue:
"The state constitutional guarantee of access to courts is Article 1, § 22 of the Louisiana Constitution, which reads:
"All courts shall be open, and every person shall have an adequate remedy *1014 by due process of law and justice, administered without denial, partiality, or unreasonable delay, for injury to him and his person, property, reputation, or other rights."
This provision, like the Fourteenth Amendment to the United States Constitution, protects an individual's access to the judicial process. Where access to the judicial process is not essential to the exercise of a fundamental constitutional right, the legislature is free to allocate access to the judicial machinery on any system or classification which is not totally arbitrary. Everett v. Goldman, 359 So.2d 1256 (La.1978); see Ortwein v. Schwab, 410 U.S. 656, 93 S.Ct. 1172, 35 L.Ed.2d 572 (1973); United States v. Kras, 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973); Jones v. Union Guano Co., 264 U.S. 171, 44 S.Ct. 280, 68 L.Ed. 623 (1924). The legislation under review does not substantially alter a claimant's access to the judicial process, and, therefore, it does not contravene the access to courts guarantee of our state constitution. Bazley's complaints that he has been denied the right to sue in tort for full recovery for his injuries, and that he is discriminated against with respect to other plaintiffs who may bring such suits, actually raise the same substantive due process and equal protection issues which we have already resolved. See also Perez v. Continental Casualty Co., 367 So.2d 1284 (La.App.3d Cir.1979): Branch v. Aetna Casualty & Surety Co., 370 So.2d 1270 (La.App.3d Cir. 1979)."
Accordingly, for the foregoing reasons, we conclude that La.R.S. 23:1231 does not violate the substantive or procedural due process or equal protection guarantees of either the state or federal constitutions, or a person's right of access to the courts protected by La. Const. Art. 1, § 22.
We next consider whether the trial court correctly applied the statute to the facts of this case.
LSA-R.S. 23:1231 plainly states that a dependent is entitled to compensation for injury causing death only if the injured employee dies within two years of the accident. The purpose of La.R.S. 23:1231 is to provide for death benefits to the dependents of an injured worker where the injured worker reaches his untimely demise prior to any compromise or adjudication of the compensation claim. Condoll v. Johns-Manville Sale Corp., 448 So.2d 169 (La. App. 5th Cir.1984). Since, in this case, the injured employee had been receiving payments since his accident and died more than two years after the date of the accident, the appellant, the dependent, has no cause of action under Louisiana law. Breaux v. Hartford Accident and Indemnity Co., 238 So.2d 274 (La.App. 3rd Cir. 1970), writ not considered, 256 La. 889, 239 So.2d 543; Hawkins v. Employers Casualty Company, 177 So.2d 613 (La.App. 3rd Cir.1965), writ refused, 248 La. 429, 179 So.2d 272.
For the above and foregoing reasons, the judgment of the trial court sustaining the defendants' exception of no right of action and dismissing her suit with prejudice is affirmed. Costs of this appeal are assessed to the plaintiff-appellant.
AFFIRMED.
NOTES
[1] The following statute and constitutional provisions are pertinent to the present discussion:

La.R.S. 23:1231 states in part as follows:
"For injury causing death within two years after the accident there shall be paid to the legal dependent of the employee ..."
La. Const. Art. I, § 1 states:
"All government, of right, originates with the people, is founded on their will alone, and is instituted to protect the rights of the individual and for the good of the whole. Its only legitimate ends are to secure justice for all, preserve peace, protect the rights, and promote the happiness and general welfare of the people. The rights enumerated in this Article are inalienable by the state and shall be preserved inviolate by the state."
La. Const. Art. I, § 2 states:
"No person shall be deprived of life, liberty, or property, except by due process of law."
La. Const. Art. I, § 3 states in part:
"No person shall be denied the equal protection of the laws. No law shall discriminate against a person because of race or religious ideas, beliefs, or affiliations. No law shall arbitrarily, capriciously, or unreasonably discriminate against a person because of ..., physical condition, ..."
La. Const. Art. I, § 24 states:
"The enumeration in this constitution of certain rights shall not deny or disparage other rights retained by the individual citizens of the state."
U.S. Const.Amend. XIV states in part:
"...; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."
[2] The following, taken from The LABI Worker's Compensation Desk Book, p. I-1, 1983, provides a further example of the trade-off that must occur:

"It is perhaps easier to understand the Louisiana Worker's Compensation Law (Louisiana Revised Statutes, Title 23) if one considers for a moment what liabilities an employer would have for an employee's injury at work in the absence of a workers' compensation system. Certainly there would be some mutual advantages.
Without a statutory system of compensation, an employee could sue his employer in tort for unlimited damages. In the absence of a statutory compensation system, an employer could defeat the employee's claim by showing that the accident was not caused by any fault or neglect of the employer or any of the other employees. An employer could also show that the accident was caused solely by the employee's assumption of risk of such accident or by the comparative negligence of the employee. By proving employee negligence, the employer could reduce the worker's recovery by the percentage of the worker's own fault.
Any workers' compensation system must represent a delicate balance resulting from a compromise between the interests of the employee and employer...."
[3] At the Louisiana Constitutional Convention a number of handicapped persons lobbied for the inclusion of the phrase "physical condition." Thus, when it was included it seems likely that the delegates meant for the phrase to be applied to those persons that can be reasonably termed handicapped within the common sense definition of that term. Appellant is simply not in that class. Hargrave, The Declaration of Rights of the Louisiana Constitution of 1974, 35 La. L.R. 1-67 (1974).
[4] Hargrave, The Declaration of Rights of the Louisiana Constitution of 1974, 35 La.L.R. 1, 8 n. 25.