This is a workmen's compensation case. *Page 78 
The employee was injured and was rendered totally disabled on April 12, 1980. Temporary total disability benefits were paid to him until his death on May 25, 1983, which was more than three years after the injury which totally disabled him.
The employee's widow filed her complaint in May 1984, whereby she sought burial and death benefits. The employer moved to dismiss the widow's complaint on the basis that recovery was barred by § 25-5-60, Code of Alabama, which provides for the payment of compensation in death cases "where the death results proximately from the accident within three years. . . ." The widow contended that § 25-5-60 was unconstitutional. The trial court dismissed the widow's civil action, and she took her first appeal which was dismissed because the attorney general had not been notified of the suit. Guy v. Southwest AlabamaCouncil on Alcoholism, 475 So.2d 1190 (Ala.Civ.App. 1985). That defect was subsequently remedied and the trial court again dismissed the widow's case. The present appeal timely ensued.
The widow contends through able counsel that § 25-5-60
unconstitutionally bars her civil action in violation of the due process and equal protection clauses, because no valid or logical justification of state interest can be found in cutting off a dependent's right to death benefits if the injured worker survives for more than three years after a job accident and then dies from causes related to his injury.
In a Florida case, an employee was injured in an accident in 1973. He was totally and permanently injured and continuously drew workmen's compensation for a total permanent disability until he died in 1982. In his widow's case for death benefits, it was held that due process and equal protection were not denied by the application of a statute which provided that death benefits were payable if death follows continuous disability within five years after an accident. The Florida statute was held to be constitutional. McCotter Motors, Inc. v.Newton, 453 So.2d 117 (Fla.App. 1 Dist. 1984).
The same argument as is here made was also presented inDesselle v. Liberty Mutual Insurance Company, 482 So.2d 1009
(La.App. 3 Cir. 1986). A Louisiana statute provides that compensation shall be paid to the legal dependent of an employee for "injury causing death within two years after the accident. . . ." La.R.S. 23:1231. In Desselle, the death of the employee occurred more than two years after the date of the work-related injury, and the dependent widow's case was dismissed. It was pertinently determined as follows:
 "In the area of substantive due process and equal protection, cases involving fundamental rights are to be distinguished from cases concerned with economic and social welfare legislation. Since worker's compensation statutes involve social welfare legislation, the proper test is whether the regulation is reasonable in relation to the goal to be obtained and is adopted in the interest of the community as a whole. West Coast Hotel Co. v. Parrish, 300 U.S. 379, 57 S.Ct. 578, 81 L.Ed. 703
(1937); Bazley v. Tortorich, [397 So.2d 475
(La. 1981)] supra; Everett v. Goldman, 359 So.2d 1256
(La. 1978).
 "In applying these principles, we conclude that the statute in question can be upheld under the rationality test.
". . .
 "The worker's compensation act is in the nature of a compromise. The injured worker is guaranteed a certain amount of compensation without having to file a tort claim in which negligence on the part of the employer would have to be established. At the same time the employer is relieved of the incalculable liability that might have been incurred without the worker's compensation system. La.R.S. 23:1231
furthers this compromise goal by setting a specific and reasonable time limit after the occurrence of the injury as a `condition precedent' to the right of dependents to seek *Page 79 
recovery of compensation death benefits under the worker's compensation act.
 "When social or econonic legislation is at issue, the U.S. and Louisiana Constitutions allow the state wide latitude. United States Railroad Retirement Board v. Fritz, 449 U.S. 166, 101 S.Ct. 453, 66 L.Ed.2d 368 (1980); New Orleans v. Dukes, 427 U.S. 297, 96 S.Ct. 2513, 49 L.Ed.2d 511 (1976).
". . .
 "Accordingly, for the foregoing reasons, we conclude that La.R.S. 23:1231 does not violate the substantive or procedural due process or equal protection guarantees of either the state or federal constitutions. . . ."
Desselle, 482 So.2d at 1011, 1012, 1014.
We agree with the Desselle and McCotter holdings and we conclude that § 25-5-60 furthers a legitimate state purpose as was aptly stated in Desselle, that it does not violate the due process or equal protection clauses and that it is constitutional.
The widow next contends that, if our statute is constitutional, the legislature intended that there be a presumption that a death occurring more than three years after an injury is not related to the injury and that she should be allowed the opportunity of rebutting such a presumption or that she should be entitled to proceed under § 25-5-57 (a)(5) for benefits following death.
In our opinion, § 25-5-60 is so clear that it does not need any such interpretation. To impose upon that statute such a presumption, whether it be rebuttable or irrebuttable, would constitute judicial legislation and it would enlarge the statute beyond its scope as is clearly set forth by the legislature. Additionally, we have no desire to establish such a precedent. If that precedent existed, all statutes of repose could be similarly emasculated by the imposition of much the same presumptions.
The final judgment of the trial court in dismissing the widow's civil action is affirmed.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur.