581 So.2d 872 (1991)
Janice KILGORE, et al.
v.
ALABAMA BY-PRODUCTS CORP.
Civ. 7386.
Court of Civil Appeals of Alabama.
March 29, 1991.
Hoyt Elliott, Jr. of Elliott & Elliott, Jasper, for appellants.
*873 H. Thomas Wells, Jr. of Maynard, Cooper, Frierson & Gale, Birmingham, for appellee.
THIGPEN, Judge.
This is a workmen's compensation case.
The employee, Lathon Kilgore, became ill from coal miner's pneumoconiosis on or before April 21, 1981, the last date he was employed by Alabama By-Products Corporation ("ABC"). From the date of his last employment until his death on March 16, 1985, Kilgore received company benefits for total disability.
After unsuccessful attempts by Kilgore and, after his death, by his widow, to obtain benefits under federal law, this action was filed in circuit court on June 22, 1986, seeking workmen's compensation benefits on behalf of the deceased employee's widow and his two minor children. The employer moved for judgment on the pleadings or for summary judgment, on the basis that Ala.Code 1975, § 25-5-60 and § 25-5-80, require that the death of the injured employee must occur within three years after the injury in order to receive compensation. The trial court held that, since the employee's death had occurred more than three years after the injury, there was no genuine issue as to any material fact, and the employer was entitled to judgment as a matter of law. Mrs. Kilgore filed a proposed amendment to the complaint, requesting benefits due to the employee prior to his death, and simultaneously filed a motion to alter, amend, or vacate a judgment. The motion to alter, amend, or vacate was denied. Although the proposed amendment was not specifically ruled upon, we interpret the trial court's action as having the effect of denying it. See United Handicapped, Etc. v. National Bank of Commerce, 386 So.2d 437 (Ala. Civ.App.1980). From this decision, Mrs. Kilgore appeals.
Mrs. Kilgore contends that the trial court erred in holding that ABC was entitled to a judgment as a matter of law, because Ala.Code 1975, § 25-5-178, provides in part that claims for benefits for death due to pneumoconiosis shall be considered timely filed if brought within three years of the date of death. While it is true that this action was timely filed, the time of filing was not the basis for the trial court's ruling; the trial court dismissed the action because of the additional statutory requirement that the death must have occurred within three years of the date of the injury. Ala.Code 1975, § 25-5-60 and § 25-5-80. That is, the statute sets a three-year time limit for the employee to die after the occurrence of the injury as a condition precedent for having a cause of action under the Workmen's Compensation Act. In the instant case, it is undisputed that the employee did not die within the requisite three years; therefore, all claims for compensation based on his death are barred.
In Guy v. Southwest Alabama Council on Alcoholism, 495 So.2d 77 (Ala.Civ.App. 1986), this court addressed the constitutionality of Ala.Code 1975, § 25-5-60, and held that, because it furthers a legitimate state purpose and violates neither due process nor equal protection, the statute is constitutional.
Mrs. Kilgore disputes the applicability of Ala.Code 1975, § 25-5-60 and § 25-5-80, and Guy, supra., arguing that they are inconsistent with Ala.Code 1975, § 25-5-178, which specifically addresses pneumoconiosis. We cannot agree. As we have stated, Ala.Code 1975, § 25-5-60 and § 25-5-80, place a limit on the time that may elapse between the time of injury and the time of death for there to be a claim, whereas Ala.Code 1975, § 25-5-178, places a limit on the time for filing a claim.
Ala.Code 1975, § 25-5-60, reads in pertinent part as follows: "In death cases, where the death results proximately from the accident within three years...." Ala. Code 1975, § 25-5-80 requires "In case of death, all claims for compensation shall be forever barred unless within two years after death, when the death results proximately from the accident within three years...."
While we are acutely mindful of the harshness of the result of the three-year *874 requirement in the instant case, where the statutory language is plain and unambiguous and the statute's meaning is obvious, there is no room for judicial interpretation, and we must enforce the statute as written. Marshall County Personnel Bd. v. Marshall County, 507 So.2d 954 (Ala.Civ. App.1987). The express requirement of the statutes in question places a three-year requirement between the time of injury and the time of death in order to be eligible for workmen's compensation death benefits. For this reason, we cannot say the trial court erred in holding that the action for death benefits was barred and that the employer was entitled to a judgment as a matter of law.
Mrs. Kilgore next contends the trial court erred in granting summary judgment with regard to her claim for total disability benefits due prior to the death of her husband. She argues that this claim is separate from any death benefits.
The trial court granted summary judgment prior to the complaint being amended to include the cause of action for benefits owed for total disability prior to the employee's death, and so it is the denial of the amended complaint that is at issue. We are mindful that trial judges have discretion to allow or refuse amendments to complaints, and should not allow them where the opposing party will be unduly prejudiced or the proceedings will be unduly delayed. Metropolitan Life Ins. Co. v. Sullen, 413 So.2d 1106 (Ala.1982). Further, it is a well-settled principle of law in Alabama that a plaintiff cannot, as a matter of right, amend a complaint after summary judgment has been rendered in favor of the defendant. Papastefan v. B & L Const. Co., 356 So.2d 158 (Ala.1978). Because we have interpreted the trial court's denial of the motion to alter, amend, or vacate to have had the effect of denying the proposed amendment to the complaint, and in light of the discretion afforded to the trial court with regard to proposed amendments, especially given that the amendment was offered after the motion for summary judgment was granted, we cannot hold that the trial court erred in denying the proposed amendment to the complaint.
For the foregoing reasons, we affirm the trial court.
AFFIRMED.
RUSSELL, J., concurs.
ROBERTSON, P.J., dissents.
ROBERTSON, Presiding Judge, dissenting.
I disagree with the majority's interpretation of § 25-5-178, Code of Ala. (1975). The legislature specifically enacted legislation to address occupational pneumoconiosis in §§ 25-5-140 through -180, Code of Ala. (1975). Unlike an accidental injury or occupational disease from which one may recover, occupational pneumoconiosis is contracted over a long period of time and is permanent. Nason v. Jones, 278 Ala. 532, 179 So.2d 281 (1965). Consequently, different time periods are necessary. I would reverse the trial court's grant of summary judgment; therefore, I respectfully dissent.