KENNEDY, Justice.
The plaintiff, Raymond B. Cale, appeals from a summary judgment entered in favor of the defendants, South Central Bell Telephone Company and L.M. Berry and Company (“Berry”).
The primary issue is whether in the trial court Cale made a claim based on fraud by way of a forgery.
The facts and procedural history of this case are as follows:
Cale owned a floor cleaning service. In July 1987, Mike Reynolds was an employee of defendant Berry. Cale alleged that Reynolds, as an employee of Berry, was soliciting customers for Yellow Pages listings for South Central Bell’s directory and that Reynolds telephoned Cale about a listing.
In his original complaint, Cale alleged that he requested a short notice in the “telephone directory” and that Reynolds, instead, forged Cale’s signature to an authorization for a quarter-page Yellow Pages listing. Cale refused to pay for the larger, and therefore, more expensive listing, and South Central Bell discontinued his telephone service. As a result, Cale said, he was caused to incur business losses and mental anguish. Cale demanded damages on a first, unspecified cause of action and on a second cause of action based on an alleged intentional interference with a business relationship (that relationship existing between Cale and his clients).
The defendants moved for a more definite statement as to Cale’s first cause of action, stating that Cale was impermissibly vague in an attempt to allege a cause of action based on fraud.
The trial court granted the motion, and thereafter Cale amended his original complaint to clarify the section relating to his first cause of action. Specifically, Cale alleged that Reynolds had misrepresented that Cale “would be listed in the yellow pages with only a one- or two-line notice but that ... a one-quarter page advertisement was placed in the Yellow Pages.” Cale also alleged that Reynolds represented that Cale would be charged for the smaller listing when, in fact, he was charged for the quarter-page listing.
Thus, after the amendment, Cale had alleged both oral misrepresentation[1] and intentional interference with a business relationship.
Approximately five months later, Cale completely restated his complaint by a second amendment. He deleted his claim of intentional interference with a business relationship. In this second amended complaint Cale alleged that Reynolds had represented that Cale would have a one- or two-line notice in the Yellow Pages when, in fact, Reynolds placed a quarter-page listing in the Yellow Pages. Cale also alleged that he was charged for the larger listing although Reynolds had represented that he would be charged for a one- or two-line listing.
Cale further alleged that Reynolds had forged his authorization for the larger listing and averred that the information contained in the quarter-page listing was false. Cale concluded that “[a]s a direct conse *592 quence of the misrepresentations made by the defendants ... [he] was caused to incur mental anguish, lost business ..., embarrassment and humiliation.” Cale demanded monetary damages.
This second amended complaint was Cale’s operative complaint in the trial court, and, therefore, is the complaint we shall address.
Cale argues that the trial court erred in entering the summary judgment for the defendants because, he argues, he produced substantial evidence on claims of “fraud by silence” and “fraud by forgery.”
We hold that the trial court did not err with regard to a claim of fraud by silence because the record does not indicate that Cale, in any way, alleged a claim for fraud by silence.
In addition, Cale argues that “the trial court erred in that Mr. Cale presented substantial evidence that the defendants were guilty of ... forgery,” which he says is a type of fraud. Cale emphatically states that the foundation of his claim in the trial court was “fraud by forgery.”
Unlike Cale’s argument that in the trial court he averred fraud by silence, his argument that he stated a claim of forgery has some support; therefore, we will examine Cale’s arguments on this issue in greater detail.
We begin by noting that the record contains factual support for a forgery claim. The defendants, South Central Bell and Berry, did not deny, by answer, that the alleged forgery occurred or that Reynolds was an employee of Berry. The record indicates that Reynolds, through Berry, was soliciting on behalf of South Central Bell.
The defendants denied that Reynolds was acting within the line and scope of his employment at the time of the incident, but on this issue they offered no evidence in support of their motion for summary judgment.
However, we must conclude that it is of no consequence whether Cale produced sufficient evidence on a claim of forgery, because we find that he did not raise this claim in the trial court, and his arguments have failed to convince us that he did.
We emphasize that Cale argues that forgery is fraud, and he says that he alleged “fraud by forgery.” He says therefore, that his complaint was sufficient to state a cause of action based on forgery; he apparently reasons that he stated a cause of action based on fraud and specifically asserted the forgery therein, thereby stating a cause of action based on “fraud by forgery.”
However, Cale’s second amended complaint consisted only of a claim of fraud based on specific allegations of oral representations. His only statement about the forgery in his second amended complaint appeared as explanative of how a fraud, based on oral misrepresentations, was effectuated. After a detailed discussion directed toward the contention that oral misrepresentations occurred, Cale then said, “Mike Reynolds, acting as an agent or employee of [the defendants], forged the Plaintiff’s signature on an authorization for a one-quarter page advertisement that was subsequently placed in the Yellow Pages of the Mobile County telephone directory.” This was Cale’s only reference to a forgery in his operative complaint. Similarly, Cale asserted only that he had incurred damage because of “misrepresentations.”
Given the foregoing, we conclude that, even granting Cale every reasonable in-tendment and presumption, it cannot be said that he alleged a cause of action based on forgery.[2]
In addition, Cale concedes that the defendants would have been entitled to a judgment on a claim of oral misrepresentation. *593 He states, however, that this was not the issue to be addressed in the trial court, because, he says, he made no claims of oral misrepresentations.
If Cale made any sufficient claim in the trial court, it would have been a claim of oral misrepresentation. We note that on such a claim, the defendants were, or would have been, entitled to a judgment.
The party moving for a summary judgment has the burden of showing the absence of a genuine issue of material fact and that he or she is entitled to a judgment as a matter of law. Ala.R.Civ.P. 56(c). To defeat a motion for summary judgment, the nonmovant must produce substantial evidence to support his or her claim. Ala. Code 1975, § 12-21-12(a). Substantial evidence is “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). In addition, the evidence must be viewed in a light most favorable to the nonmovant. Kenai Oil & Gas, Inc. v. Grace Petroleum Corp., 512 So.2d 1347, 1351 (Ala.1987).
There is no evidence in the record to support a claim of oral misrepresentation. On this issue, the evidence consists of an excerpt from Cale’s deposition. This testimony does not indicate that Reynolds made any oral misrepresentations. Specifically, Cale testified that Reynolds “called ... several times,” trying to sell Cale a Yellow Pages listing. Cale said that he told Reynolds, “I don’t want [anything] you [have] to offer....” When asked, “[W]hat else was said?” Cale responded, “[T]hat was basically all that was said.... I just told him ... ‘I’m not interested_ [D]on’t call me [again].’ He didn’t call me [any]more.” Cale said he could not recall the “specifies” of anything Reynolds said. In sum, the basis of Cale’s operative complaint, a contention that Reynolds orally misrepresented facts relating to a Yellow Pages listing, is not supported by the record.
We note, also, that Cale’s second amended complaint contains an apparent error in asserting that Cale requested and was fraudulently promised a short Yellow Pages notice. His own testimony, and a third amended complaint, untimely filed after the judgment had been entered,[3] indicate that what Cale meant to say in the second amended complaint was that he requested and was promised a short white pages listing. However, the record discloses no misrepresentation as to any listing, and this apparent error is of no import.
AFFIRMED.
HORNSBY, C.J., and SHORES, HOUSTON and STEAGALL, JJ., concur.

. We express no conclusion as to whether Cale ever adequately stated a cause of action based cra oral misrepresentation.

. Assuming, without determining, that, as Cale argues, forgery is, per se, a category of fraud, then, consistent with his reasoning, it would have to be pleaded with particularity. See, Ala. R.Civ.P. 9(c).
Cale does not argue that the forgery was claimed in any context other than as fraud.

. A plaintiff cannot amend a complaint after a judgment has been rendered for the defendant. Kilgore v. Alabama By-Products Corp., 581 So.2d 872, 874 (Ala.Civ.App.1991).