The PEOPLE of the State of Colorado, In the Interest of C.E., a Child, Upon the Petition of the Adams County Department of Social Services, Petitioner–Appellee,

And Concerning S.C., Proposed Intervenor, Respondent–Appellant.

No. 95CA1720.

Colorado Court of Appeals, Div. III.

July 25, 1996.

Shelley Gilman, Scott A. Clark, Guardians Ad Litem.

Robert J. Loew, Adams County Attorney, Marilyn R. Mihalik, Assistant County Attorney, Commerce City, for Petitioner–Appellee.

Law Offices of M. David Johnson, M. David Johnson, Denver, for Respondent–Appellant.

Opinion by Judge HUME.

In this dependency or neglect proceeding, S.C. (maternal aunt) appeals from a trial court order denying her motion to intervene. We affirm in part and vacate in part.

In February 1994, shortly after the petition in dependency or neglect was filed, the Adams County Department of Social Services (department) notified the maternal aunt of the proceeding and asked if she would be interested in assuming temporary custody of the child, C.E. For personal reasons, the maternal aunt declined, and the child was placed in foster care.The proceeding progressed to termination of the parent-child legal relationship between W.E. (mother) and the child on August 22, 1994. In December 1994, the maternal aunt contacted the department indicating a desire to assume custody of, and to be considered as a potential adoptive parent for, the child. The department refused to consider the maternal aunt's request because it was filed after mother's parental rights had been terminated and interviews with potential adoptive families had been initiated.

On January 23, 1995, the maternal aunt filed a motion to intervene in the dependency or neglect proceeding. Following a hearing in March 1995, the trial court denied the motion finding that it had not been filed within the time prescribed by § 19–3–605, C.R.S. (1995 Cum.Supp.).

Section 19–3–605 requires that a request by a grandparent, aunt, uncle, brother, or sister for the custody of a child whose legal relationship with his or her parents is subject to termination must be filed before commencement of the termination hearing. The statute expressly does not require that the relatives of the child be notified of the pending termination hearing.

Arguing that extended family members have a fundamental liberty interest in the society and custody of kindred children, the maternal aunt contends on appeal that § 19–3–605 violates her constitutional right to sub-

stantive and procedural due process as well as her right to equal protection. The maternal aunt also contends that the trial court misapplied Colorado law in denying her motion to intervene.

Initially, we note that the aunt's constitutional arguments were neither raised in the trial court proceedings nor addressed in the trial court's order. Although appellate courts generally will not consider arguments that were not presented in the trial court proceedings, the issues here concern alleged fundamental constitutional rights and have been fully briefed by the parties. Therefore, we elect to address them. *See In re Custody of C.C.R.S.*, 872 P.2d 1337 (Colo.App.1993), *aff'd*, 892 P.2d 246 (Colo.1995).

## I.

■ The maternal aunt contends that she has a fundamental liberty interest in the society and custody of her nephew, entitling her to the substantive protection of the Due Process Clause of the Fourteenth Amendment. She argues that by virtue of its failing to require notice of the termination proceedings concerning her nephew, § 19–3–605 operates in a manner that violates this interest. We disagree.

■ The Due Process Clause of the Fourteenth Amendment has a substantive component that protects certain individual liberties from state interference despite procedural safeguards, unless the infringement is narrowly tailored to achieve a compelling state interest. *See Reno v. Flores*, 507 U.S. 292, 113 S.Ct. 1439, 123 L.Ed.2d 1 (1993). Substantive due process protects only a narrow range of liberty interests which have been traditionally protected as fundamental. *See Moore v. City of East Cleveland*, 431 U.S. 494, 97 S.Ct. 1932, 52 L.Ed.2d 531 (1977).

■ In a proceeding for termination of the parent-child legal relationship, a natural parent has a due process right to certain procedural protections based on his or her interest in continuing the parental relationship. *Lehr v. Robertson*, 463 U.S. 248, 103 S.Ct. 2985, 77 L.Ed.2d 614 (1983); *Santosky v. Kramer*, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599

(1982); *Quilloin v. Walcott*, 434 U.S. 246, 98 S.Ct. 549, 54 L.Ed.2d 511 (1978); *Stanley v. Illinois*, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972); *see People in Interest of A.M.D.*, 648 P.2d 625 (Colo.1982). However, none of these cases relied upon by the maternal aunt supports a determination that a parent has a constitutionally protected substantive right to custody of his or her child. *In re Custody of C.C.R.S.*, 892 P.2d 246 (Colo.1995). Therefore, we decline to extend such a right to the maternal aunt here.

We reject the maternal aunt's argument that *Moore v. City of East Cleveland, supra*, establishes a fundamental liberty interest in favor of an extended family member to the society or custody of a related child. *Moore* concerned a zoning ordinance which operated to break up an existing extended family unit; it did not concern the formation of a new family unit. Thus, *Moore* has no application here: The right of an existing family unit to be free from governmental interference cannot be construed as a right to create a new family unit. *See Mullins v. Oregon*, 57 F.3d 789 (9th Cir.1995). *But see People in Interest of T.A.F.*, 624 P.2d 349 (Colo.App.1980)(Berman, J., dissenting).

Accordingly, we conclude that there was no violation of the maternal aunt's right to substantive due process by virtue of her not being notified of the termination hearing.

## II.

■ The maternal aunt next contends that she, as an extended family member, has a protected liberty interest in the society and custody of her nephew commensurate with that of a natural parent and that, therefore, she is entitled to procedural due process protections. Again, we disagree.

■ A natural parent has a fundamental liberty interest in the continuation of the parental relationship, and due process requires that a fundamentally fair procedure be followed when the state seeks to terminate the parent-child legal relationship. *B.B. v. People*, 785 P.2d 132 (Colo.1990). However, neither Colorado case law nor statutory law supports the maternal aunt's claim of a liberty interest in the society or custody of a

kindred child simply by virtue of their relationship. *See generally* § 14–10–123, C.R.S. (1987 Repl.Vol. 6B); *People in Interest of T.A.F., supra.*

Furthermore, those jurisdictions which have visited the issue of whether grandparents have a constitutionally protected liberty interest in the society of their grandchildren have generally concluded that they do not. *See Mullins v. Oregon, supra; Graham v. Children's Services Division,* 39 Or.App. 27, 591 P.2d 375 (1979); *In re Adoption of Taylor,* 678 S.W.2d 69 (Tenn.Ct.App.1984) (surveying law of other states and concluding that grandparents have no constitutionally protected interest in the society of their grandchildren).

Finally, as determined above, *Moore,* upon which the maternal aunt relies, is inapposite because the aunt, here, has not established any existing extended family custodial relationship with C.E. *See Mullins v. Oregon, supra.*

Therefore, we conclude that the maternal aunt does not have a constitutionally protected liberty interest in the society or custody of her nephew. Accordingly, the failure of § 19–3–605 to require that she, as an extended family member, be notified of the termination hearing does not constitute a procedural due process violation.

## III.

The maternal aunt also contends that the statutory scheme for termination of the parent-child legal relationship violates her right to equal protection. She argues that the statutory scheme creates two classes having similar interests, *i.e.,* parents and extended family members, and treats them differently by requiring that parents, but not extended family members, receive notice of the termination hearing. Again, we disagree.

The equal protection guarantees under the Colorado and United States constitutions assure like treatment of all who are similarly situated. If persons alleging disparate treatment are not similarly situated, an equal protection challenge to a statute must

fail. *Department of Health v. The Mill,* 887 P.2d 993 (Colo.1994).

A natural parent has a liberty interest in the continuation of the parental relationship which is different from the interest of an extended family member who wishes to create a new family unit. *See Mullins v. Oregon, supra.* Therefore, a natural parent and an extended family member with whom a child has no existing custodial relationship are not similarly situated. Accordingly, the maternal aunt's equal protection challenge to the notice provisions of the statutory scheme for termination must fail. *See Department of Health v. The Mill, supra.*

## IV.

Finally, the maternal aunt contends that the trial court misapplied Colorado law in denying her motion to intervene. She argues that the trial court failed to construe the Colorado Children's Code, §§ 19–3–601, et seq., C.R.S. (1995 Cum.Supp.), liberally and that it misapplied the adoption statutes. We find no error.

Pursuant to § 19–3–605, an aunt is an interested party to a proceeding for termination and may intervene in the proceeding by making timely application prior to the termination hearing. *People in Interest of C.P.,* 34 Colo.App. 54, 524 P.2d 316 (1974).

Here, the maternal aunt did not file a motion to intervene until five months after the conclusion of the termination hearing. Accordingly, the trial court properly denied the motion for not having been timely filed. *See* § 19–3–605, C.R.S. (1995 Cum.Supp.); *People in Interest of C.P., supra.*

Because this is an appeal from an order denying intervention in a termination proceeding, the maternal aunt's argument that the trial court misapplied the adoption statutes is not properly before us and will not be addressed.

However, we vacate the trial court's ruling insofar as it indicates that timely intervention pursuant to § 19–3–605 in the ter-

mination proceeding is a necessary condition precedent to the maternal aunt's eligibility to be considered as a potential adoptive parent for C.E. We perceive nothing in the language of the statute to support that determination.

That portion of the order concerning the necessity for timely intervention by one seeking adoptive parent status is vacated. In all other respects, the order if affirmed.

KAPELKE and TURSI*, JJ., concur.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1995 Cum.Supp.).