MADDOX, Justice
(dissenting).
I must respectfully dissent because I do not believe the Court of Civil Appeals adequately distinguished this ease from Kilgore v. Alabama By-Products Corp., 581 So.2d 872 (Ala.Civ.App.1991), or Guy v. Southwest Alabama Council on Alcoholism, 495 So.2d 77 (Ala.Civ.App.1986). The court in Guy concluded that the three-year nonclaim bar found in § 25-5-60, Ala.Code 1975, did not violate the Due Process Clause or the Equal Protection Clause of the United States Constitution. In Kilgore the court held:
“Ala.Code 1975, § 25-5-60, reads in pertinent part as follows: ‘In death eases, where the death results proximately from the accident within three years_’ Ala. Code 1975, § 25-5-80 [reads] ‘In case of death, all claims for compensation shall be forever barred unless within two years after death, when the death results proximately from the accident within three years.... ’
“While we are acutely mindful of the harshness of the result of the three-year requirement in the instant case, where the statutory language is plain and unambiguous and the statute’s meaning is obvious, there is no room for judicial interpretation, and we must enforce the statute as written. Marshall County Personnel Bd. v. Marshall County, 507 So.2d 954 (Ala.Civ. *1184 App.1987). The express requirement of the statutes in question places a three-year requirement between the time of injury and the time of death in order to be eligible for workmen’s compensation death benefits. For this reason, we cannot say the trial court erred in holding that the action for death benefits was barred and that the employer was entitled to a judgment as a matter of law.”
581 So.2d at 873-74 (emphasis added).
This is a workers’ compensation case. The employee, Verdell Hunt, on July 19, 1989, suffered silicosis, a compensable injury, while within the line and scope of his employment. He received workers’ compensation benefits until he died on June 1, 1994. His widow applied for death benefits pursuant to § 25-5-60, Ala.Code 1975, on September 25, 1995. The trial court entered a summary judgment for the defendants, holding that the claim was time-barred, pursuant to §§ 25-5-60 and 25-5-80 and Kilgore, supra.
The pertinent portions of §§ 25-5-60, 25-5-80, and 25-5-117 provide:
“In death cases, where the death results proximately from the accident within three years, compensation payable to dependents shall be computed on the following basis and shall be paid to the persons entitled thereto without administration, or to a guardian or other person as the court may direct, for the use and benefit of the person entitled thereto.”
§ 25-5-60 (emphasis added).
“In case of death, all claims for compensation shall be forever barred unless within two years after death, when the death results proximately from the accident within three years, the parties shall have agreed upon the compensation under this article or unless within two years after the death one of the parties shall have filed a verified complaint as provided in Section 25-5-88. Where, however, payments of compensation, as distinguished from medical or vocational payments, have been made in any case, the period of limitation shall not begin to run until the time of making the last payment.”
§ 25-5-80 (emphasis added).
“In case of death, the claim shall be forever barred, unless within two years after death, if death results proximately from the occupational disease, as defined in this article, and death occurs within three years of the date of the injury, as hereinafter defined, the parties have agreed upon the compensation under this article, or unless within two years after death, one of the parties shall have filed a verified complaint as provided in Section 25-5-88. Notwithstanding the foregoing, if upon the date of death the employee’s claim is barred, any claim by his or her dependents likewise shall be barred. If, however, payments of compensation have been made, the limitations as to compensation shall not take effect until the expiration of two years from the time of making the last payment.”
§ 25-5-117 (emphasis added).
The Court of Civil Appeals concluded “that this non-claim provision [§ 25-5-60, Ala. Code 1975,] must be read in conjunction with the exception language [found in §§ 25-5-80 and 25-5-117, Ala.Code 1975].” Bowen v. Bickerstaff Clay Products, Inc., 2950175, October 11,1996] 695 So.2d 1180, 1183 (Ala.Civ. App.1996) (emphasis added). Thus, the Court of Civil Appeals recognized that the three-year restriction in § 25-5-60, Ala.Code 1975, is a nonclaim provision rather than a statute of limitations.
This Court in Ivory v. Fitzpatrick, 445 So.2d 262, 264 (Ala.1984), wrote:
“The Court recognizes that statutes of limitation are not applicable to wrongful death actions, Woodward Iron Co. v. Craig, supra, 256 Ala. [37] at 40, 53 So.2d [586] at 588 [(1951)]; however, the non-claim statute is not simply a statute of limitations: ‘The whole theory of the statute is to create a defense broader in its operation than the statute of limitations, not only barring remedies, but extinguishing debts and liabilities.’ Fretwell v. McLemore, 52 Ala. 124, 144 (1875). (Emphasis added [in Ivory].) As the Court *1185 elaborated in Yniestra v. Tarleton, 67 Ala. 126 (1880):
“ ‘The following authorities show that, under our decisions and legislation, the statute of non-claim has never been regarded merely as a statute of limitations, but that the two systems have been recognized as separate and distinct, and embrace scopes of policy not commensurate, but, in many particulars, essentially diverse. — Fretwell v. McLemore, 52 Ala. [124], 140; McDowell v. Jones, 58 Ala. 25 [(1877)]; Halfman’s Ex’x v. Ellison & Sons, 51 Ala. [543,] 545 [(1874)]; Branch Bank v. Donelson, 12 Ala. [741,] 742 [(1848)].’
“67 Ala. at 129.”
Likewise, in Cofer v. Ensor, 478 So.2d 984, 992 (Ala.1985), we concluded:
“This Court has consistently applied the general rules governing the distinction between a statute of creation and a statute of limitation, set forth below, in reaching the conclusion that the two-year period stated within § 6-5-410 is a statute of creation:
“ ‘It sometimes happens that a statute will create an entirely new right of action that did not exist at common law, and will expressly attach thereto, without any exception, the proviso that the action must be brought within a certain time from the date of its accrual. Conditions which are annexed to a right of action created by a statute in this manner must be distinguished from a limitation period under a true statute of limitations.
“ ‘The time element is an inherent element of the right so created, and such a provision will control, no matter in what form the action is brought.’ (Footnotes omitted [in Cofer].) (Emphasis added [in Cofer ].)
“51 Am.Jw.2d Limitation of Actions, § 8, p. 596 (1970).
‘“If the statute that authorizes the wrongful death action requires that it be brought within a certain time, this requirement is often treated as a condition to the right to maintain the action, and not as a technical statute of limitations. As sometimes expressed, the requirement that an action for wrongful death be instituted within a specified period is an integral part of the right in the nature of a condition precedent. One court, in speaking of the wrongful death statute, has said that a statute that in itself creates a new liability and gives an action to enforce it unknown to the common law and fixes the time within which that action may be commenced is not a statute of limitations, but a statute of creation. The statute, in fixing the time for commencement of the action, sets up an indispensable condition of the liability of the action that it permits. The statute constitutes an offer of an action on condition that it be commenced within the specified time, and if the offer is not accepted in the only way in which it can be accepted, by a commencement within the specified time, the action and the right of action no longer exist.’ (Footnotes omitted [in Cofer].) (Emphasis added [in Cofer ].)
“22 Am.Jur.2d Death § 35, p. 633 (1965).”
In my opinion, § 25-5-60, Ala.Code 1975, is a statute of creation that provides a means for a worker’s dependents, as defined by § 25-5-60, to obtain a percentage of the worker’s compensation benefits after the worker’s death, but only upon the condition precedent that “death results proximately from the accident within three years.” Moreover, “where a prescriptive period is contained within the statutory grant of a cause of action, it is a statute of creation, and the period is deemed a portion of the substantive right itself, not subject to tolling provisions. See Nicholson v. Lockwood Greene Engineers, Inc., 278 Ala. 497, 179 So.2d 76 (1965).” Cofer, 473 So.2d at 987 (emphasis added).
It seems to me that the Court of Civil Appeals ruled correctly in Kilgore, when it concluded that §§ 25-5-60 and 25-5-80 set “a three-year time limit for the employee to die after the occurrence of the injury as a condition precedent for [the dependents’] having a cause of action under the Work *1186 men’s Compensation Act.” Kilgore, 581 So.2d at 873.
Based on the foregoing, I respectfully dissent.