ItTHIBODEAUX, Judge.
This appeal concerns a proceeding brought by the State to terminate the parental rights of Stachy Stewart, the mother of Tyler James Stewart. The grandparents of Tyler, Joseph Ned Stewart and Clara Joyce Breaux, sought to intervene in the proceeding, and the trial court denied their petition. Stewart and Breaux have instituted this appeal, alleging that the codal article upon which the trial court relied is unconstitutional as it violates principles of due process and equal ^protection. Based on the following reasons, we affirm the judgment of the trial court denying Stewart and Breaux the right to intervene in the termination of parental rights proceeding.
I.

ISSUES

We shall consider:
1. whether La.Ch.Code art. 1029 denies Stewart and Breaux the equal protection of the laws; and
2. whether La.Ch.Code art. 1029 denies Stewart and Breaux due process of law.
II.

FACTS

Tyler James Stewart was born on June 3, 1995 to Stachy Stewart and Jeremy Boddye. On August 12, 1995, Tyler was placed in the custody of the State of Louisiana, Department of Social Services on grounds of neglect. He was adjudicated a child in need of care on October 9, 1995. Since August 15, 1995, Tyler has been residing in a certified foster home.
Numerous dispositional review hearings were held following the initial order placing Tyler in state custody. Tyler’s maternal grandfather, Joseph Ned Stewart, participated in the hearings held on August 15, 1995, April 7, 1997, and March 9, 1998. Subsequently, the State instituted proceedings to terminate the parental rights of Stachy and Jeremy. Joseph Ned Stewart and Clara Joyce Breaux filed a petition to intervene in the proceeding to terminate Stachy’s parental rights. Citing La.Ch.Code art. 1029, the trial court denied this petition. Stewart and Breaux appeal.
Jill.

LAW AND DISCUSSION

Equal Protection
Article I, Section 3 of the Louisiana Constitution provides in pertinent part:
*1053 No person shall be denied the equal protection of the laws. No law shall discriminate against a person because of race or religious ideas, beliefs, or affiliations. No law shall arbitrarily, capriciously, or unreasonably discriminate against a person because of birth, age, sex, culture, physical condition, or political ideas or affiliations.
This provision expands the scope of protection provided by the Fourteenth Amendment to the United States Constitution. Manuel v. State, 95-2189 (La.3/8/96); 692 So.2d 820. Both the state and federal constitutional guarantees of equal protection require that “state laws affect alike all persons and interests similarly situated.” State v. Brown, 94-1290 p. 6 (La. 1/17/95); 648 So.2d 872, 876.
As recognized in Manuel, La. Const, art. I, § 3 provides for three levels of constitutional review. Laws which classify individuals based on race or religious beliefs are repudiated completely. An intermediate level of scrutiny is reserved for laws which classify persons on the basis of birth, age, sex, culture, physical condition, or political ideas or affiliation. The lowest level of scrutiny applies to laws which classify persons on any basis other than those enumerated in La. Const, art. I, § 3. Such laws are presumed constitutional and are subject to the minimal standard of scrutiny. They need only be rationally related to a legitimate governmental purpose, and a person attacking the constitutionality of such a classification has the stringent burden of demonstrating that the law does not suitably further any appropriate state interest. Manuel, 692 So.2d at 339-340.
fain this case, the basis for the equal protection challenge of Stewart and Breaux is the assertion that La.Ch.Code art. 1029 discriminates against grandparents by preventing them from intervening in a proceeding where the state seeks to terminate the rights of a parent. La.Ch.Code art. 1029 provides: “No person shall be allowed to intervene in a proceeding brought under this Title.” The title referred to is Title X, “Involuntary Termination of Parental Rights.” Stewart and Breaux contend:
The State of Louisiana has decided to terminate the parental and grandparents’ relationships of this child and that the best interest of the child in this case is best served by an adoption [of] the minor child [by] unrelated parties. The provisions of Article 1029 which prohibit the intervention of any person, effectively deny the grandparents a voice in the most fundamental rights of human relationships, namely that of the family.
Clearly, La.Ch.Code art. 1029 does not contain a classification based on one of the characteristics enumerated in La. Const, art. I,§ 3. As a result, the lowest level of scrutiny applies, and to prevail Stewart and Breaux must show that La.Ch.Code art. 1029 does not further an appropriate state interest.
Proceedings brought under Title X specifically address the termination of parental rights and the parent’s fitness to care for his or her child. The termination of parental rights is a severe and terminal action and to permit it the state must prove each of the required elements by clear and convincing evidence. State in Interest of L.L.Z. v. M.Y.S., 620 So.2d 1309 (La.1993). Moreover, the evidence must show that the termination is in the best interest of the child. La.Ch. Code art. 1039. While intervention in this proceeding is prohibited, the right of post-termination intervention is permitted by La. Ch.Code art. 707.
Applying the rational relationship standard to this case, we find that a rational basis exists for prohibiting Stewart and Breaux from intervening in the ^proceedings to terminate Stachy’s parental rights. The proper focus of such proceedings is the fitness of Stachy and the best interest of Tyler, not a demand by Stewart and Breaux that they be allowed to adopt Tyler. As the State has noted:
To allow relatives, outside the immediate family, to participate in the proceedings would only serve to confuse the issues and introduce irrelevant information into the proceeding, information which does not address the fitness of the parent. It should be noted that nothing in this article prevents the mother from calling her parents as witnesses or prevents the maternal *1054 grandparents from assisting the mother in obtaining counsel.
In addition, we note that pursuant to La.Ch. Code art. 1042, dispositional review proceedings must be held after the termination of parental rights. Grandparents are permitted to intervene in these proceedings to facilitate the permanent placement of the child and to insure that the best interests of the child are protected. La.Ch.Code art. 707. It is in these proceedings, not the termination of parental rights proceedings, where the grandparents can assert their interest in the permanent placement of Tyler.
Due Process
Stewart and Breaux assert that La.Ch. Code art. 1029 provides for a fundamental deprivation of life and liberty without due process of law. They contend that “as citizens of the United States ... our fundamental rights to our family relationships constitute an inalienable arena in which government intrusion is limited and restricted by our ‘inalienable rights to life, liberty and the pursuit of happiness.’ ” They further argue that the “assertion by the State of the power to deprive blood relatives of the custody, control and the right to provide ... love and affection ... is well within the ambit of constitutional protection.”
We set forth the guidelines for examining constitutional challenges against statutes raising substantive due process issues in Desselle v. Liberty Mut. Ins. Co., 482 So.2d 1009 (La.App. 3 Cir.1986). In Desselle, we explained:
fcThe basic framework of analysis of such a claim is well settled. We must decide, first, whether the legislation operates to the disadvantage of some suspect class or impinges on a fundamental right explicitly or implicitly protected by the constitution, thereby requiring strict judicial scrutiny. If not, the legislative scheme must still be examined to determine whether it rationally furthers some legitimate, articulated state purpose and therefore does not constitute an invidious discrimination.
Id. at 1011 (quoting Bazley v. Tortorich, 397 So.2d 475 (La.1981)). The rational basis test requires that the statute bear a real and substantial relationship to an appropriate governmental objective. Everett v. Goldman, 359 So.2d 1256 (La.1978).
In this case, La.Ch.Code art. 1029 does not disadvantage a suspect class. Stewart and Breaux contend that Article 1029 impinges on a fundamental right, thus triggering strict scrutiny. However, Stewart and Breaux fail to cite any eases to support their contention that the grandparent-grandchild relationship gives rise to a fundamental right on the part of grandparents to intervene in a termination of parental rights proceeding. Upon review of the jurisprudence, we find that this is an issue of first impression in our circuit. We conclude that La.Ch.Code art. 1029 does not impinge upon a fundamental right and that Article 1029 satisfies the rational basis test.
It is undisputed that a parent has a fundamental liberty interest in the continuation of the parental relationship, and due process requires that a fundamentally fair procedure be followed when the state seeks to terminate the parent-child legal relationship. State in Interest of Delcuze, 407 So.2d 707 (La.1981). However, there is no constitutional, codal, statutory, or jurisprudential authority that recognizes a similar right with respect to grandparents. We note that case law from other jurisdictions addressing the grandparent-grandchild relationship is instructive. While the following cases do not address a grandparent’s right to intervene in a ^termination of parental rights proceeding, they do provide a framework for analyzing the issue.
In Kennedy v. Kennedy, 688 N.E.2d 1264 (Ind.Ct.App.1997), the court upheld an order denying a grandparent visitation with her grandchild, reasoning that the grandparent’s due process rights were not violated as the grandparent lacked a liberty interest in continued contact with her grandchild. In this regard, the court stated:
Although a handful of cases have afforded grandparents due process rights with respect to their grandchildren, a careful examination of those cases reveals that a liberty interest exists only where the grandparent-grandchild relationship is essentially a custodial one. See e.g., Ellis v. *1055 Hamilton, 669 F.2d 510 (7th Cir.), cert. denied, 459 U.S. 1069, 103 S.Ct. 488, 74 L.Ed.2d 631 (1982).
Kennedy, 688 N.E.2d at 1268-69.
Similarly, in Mullins v. Oregon, 57 F.3d 789 (9th Cir.1995), the court held that a biological connection, standing alone, does not give a child’s biological grandparents a constitutionally protected liberty interest in the adoption of their grandchildren. In this case, the grandparents brought suit to challenge the constitutionality of a state law which provided that relatives, including grandparents, did not have a right to the adoption of children in state custody. Finding that the grandparents could not assert a protected liberty interest based upon their relationship to their grandchild, the court explained:
Neither the text nor the structure of the Constitution supports the asserted interest. ... We have found no other authority supporting the proposition that a grandparent, by virtue of genetic link alone, enjoys a fundamental liberty interest in the adoption of her grandchildren. The mere novelty of the claim is reason enough to doubt that substantive due process sustains it. See Reno v. Flores, 507 U.S. at 301, 113 S.Ct. at 1447; see also Michael H. v. Gerald D., 491 U.S. at 125, 109 S.Ct. at 2343 (noting that the party claiming a fundamental liberty interest has the burden of establishing it).
Mullins, 57 F.3d at 794. See also In Interest of C.E., 923 P.2d 383, 386 (Colo.Ct.App.1996) (stating “those jurisdictions which have visited the issue of whether grandparents have a constitutionally protected liberty interest in the society of their grandchildren have generally concluded that they do not”); In Re Adoption of Taylor, 678 S.W.2d 69 (Tenn.Ct.App.1984) (finding that grandparents did not have a constitutionally protected right to receive notice of grandchild’s adoption); Emily A. Koscianski, Court-Imposed Grandparental Visitation of Children in Intact Nuclear Families, 56 Md. L.Rev. 910, 913 (1997) (stating that “grandparents traditionally have not been accorded a liberty interest in the rearing of grandchildren”).
We conclude that La.Ch.Code art. 1029 does not impinge upon a fundamental right of Stewart and Breaux, and thus strict judicial scrutiny of Article 1029 is not warranted. While it is true that a child’s best interest is often served by maintaining contact with his or her grandparents, this does not create a fundamental right on behalf of grandparents that would require their intervention in a termination of parental rights proceeding.
Moreover, we find that Article 1029 satisfies the rational basis test set forth in Desselle. As noted previously, the proper focus of a proceeding to terminate parental rights is the fitness of the parent and the best interest of the child. If a parent’s rights are terminated, a subsequent hearing that focuses on the permanent placement of the child is held. It is in this hearing where the grandparents can assert their interest in obtaining custody of the child. To allow the grandparents to assert this interest in the termination of parental rights proceeding would serve no useful purpose and could potentially confuse the issues. Accordingly, we find that no constitutional violation occurs where grandparents are prohibited from intervening in a proceeding to terminate parental rights.
JJV.

CONCLUSION

Based on the foregoing reasons, the judgment of the trial court denying the grandparents’ the right to intervene in the termination of parental rights proceeding is affirmed. Joseph Ned Stewart and Clara Joyce Breaux are east for all costs of this appeal.
AFFIRMED.