The plaintiff, James Donald Stewart, appeals from a judgment in a workers' compensation case. We reverse and remand.
Stewart had worked for the defendant, Goodyear Tire and Rubber Company, since 1967. In 1975, in an accident at work, he suffered burns to over 50% of his body. Approximately two years after the accident, he was allowed to return to work, but with several restrictions on his activities. Goodyear *Page 1226 
gave Stewart jobs that accommodated his restrictions, and for the next several years he was able to perform his job duties without major difficulties. In late 1990, however, he developed a problem with his right elbow. Stewart also claimed that he suffered a back injury in 1991, but Goodyear disputed the back injury and said it had no record that Stewart had reported any work-related back injury other than occasional back strains.
Stewart sued Goodyear pursuant to Alabama's workmen's compensation statute. His complaint states that he "suffered an accident on or about June 1991 and August 1992" and that he "has been totally disabled since August 1992." After a hearing, the trial court entered a judgment in which it found Stewart to be permanently and totally disabled and computed the benefits to which he was entitled. The judgment incorporated certain stipulations entered into by the parties. The parties stipulated that Stewart first injured his elbow on October 16, 1990, and that he injured his back "in August of 1992." They also stipulated, however, that Stewart's "last day ofemployment with Goodyear . . . was in May of 1992 and that [his] Retirement Medical Disability Benefits became effective in November of 1992 in the amount of $1,500 per month."
Both parties filed several post-judgment motions and responses. The only issue raised by these motions that is relevant to this appeal is Goodyear's contention that §25-5-57(c), Ala. Code 1975 (1992 Repl.Vol.), entitles it to reduce the amount of workmen's compensation benefits it owes to Stewart by the amount of the medical retirement benefits it pays to Stewart. Stewart argued that the setoff provisions in §25-5-57(c) were not yet in effect when he was injured, maintaining that he injured his back in April 1991. The April 1991 date conforms to Stewart's trial testimony. The trial court amended the judgment to apply the setoff provisions in §25-5-57(c); the amendment resulted in Stewart's receiving no additional benefits other than his medical retirement. Stewart appealed.
The sole issue is whether the setoff provisions of §25-5-57(c) apply in this case.
In 1992, the Alabama Legislature substantially revised the Alabama Workmen's Compensation Act ("the old Act"). See Ala. Acts 1992, Act No. 92-537. The Alabama legislature rewrote the provisions of § 25-5-57 and, in so doing, added the setoff provisions in what is now § 25-5-57(c). The amended Alabama Workers' Compensation Act ("the new Act") became effective May 19, 1992, although some provisions, including § 25-5-57, were not implemented until August 1, 1992. See Code commissioner's note, § 25-5-57, Ala. Code 1975 (1992 Repl.Vol.) (the new Act).
Stewart argues that the setoff provisions do not apply because all of his injuries occurred before the effective date of the new Act. He maintains that his back injury occurred in April 1991, but he offers no explanation for the discrepancy between the April 1991 date he now argues and the August 1992 date as stated in the judgment. Goodyear contends that the setoff provisions were in effect by August 1992, the date on which the trial court found that Stewart's injury occurred, and, therefore, that the new statute entitles it to the setoff.
A curious situation has developed with respect to the facts that gave rise to the judgment in this case. The factual findings in the judgment were stipulated to by the parties, but those findings contain an obvious contradiction. If Stewart's last day of employment with Goodyear was in May 1992, then it is impossible for him to have been injured at work in August 1992. If Stewart was injured before August 1992, then the setoff provisions of § 25-5-57(c) do not apply, because they were not yet effective. After an examination of the record, it is clear to this court that Stewart did not return to work at Goodyear after he underwent surgery on his elbow in May 1992. His doctor released him to return to work in August 1992, but placed even greater restrictions on Stewart's work activities than he had had before. At that time, the record reflects, the company informed Stewart that it had no jobs that he could perform with his many medical restrictions and offered him a medical disability retirement, which he accepted. There is absolutely no evidence in the record *Page 1227 
to indicate that Stewart injured his back in August 1992. The setoff provisions in § 25-5-57(c) (the new Act) were not implemented until August 1992, and, therefore, they do not apply in this case.
In a workers' compensation case governed by the old Act, our standard of review of the trial court's findings of fact and its judgment based on those findings allows us to look only to see whether there was any legal evidence to support the trial court's findings, and, if so, whether any reasonable view of the evidence supports the trial court's judgment. Ex parteVeazey, 637 So.2d 1348 (Ala. 1993); Ex parte Eastwood Foods,Inc., 575 So.2d 91 (Ala. 1991). Under either Act, the trial court's conclusions regarding legal issues carry no presumption of correctness on appeal. Ex parte Cash, 624 So.2d 576 (Ala. 1993). See also § 25-5-81(e)(1), Ala. Code 1975 (1992 Repl.Vol.) (the new Act).
We note that Goodyear argues in its brief that the trial court found, as a matter of fact, that Stewart injured his back in August 1992, and that a trial court's factual findings that resolve conflicting testimony are conclusive. Nevertheless, in a proper case, an appellate court has a responsibility to "review conclusions of the trial judges on questions of fact, where, after making all proper allowances and indulging all reasonable intendments in favor of the trial court, the reviewing court [reaches] the clear conclusion that the findings are wrong." Headley v. Headley, 277 Ala. 464, 470,172 So.2d 29, 34 (1964). See also McCulley v. Stroud, 286 Ala. 515,243 So.2d 28 (1970). This is such a case. We will not adopt an obvious error of fact contained in the judgment, as counsel apparently have done, especially when that error results in the erroneous application of a new statutory provision that clearly was not effective when Stewart injured his back.
Thus, because there is no evidence to support the trial court's finding that Stewart injured his back in August 1992, the court erred in applying the setoff provisions of the new Act. Therefore, the judgment is due to be, and it is hereby, reversed, and the cause is remanded to the trial court for the entry of an amended judgment deleting the setoff provisions.
The foregoing opinion was prepared by SAM A. BEATTY, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of §12-18-10(e), Ala. Code 1975.
REVERSED AND REMANDED.
ROBERTSON, P.J., and THIGPEN and MONROE, JJ., concur.