768 So.2d 969 (1999)
CHATHAM STEEL CORPORATION
v.
Gennell SHADINGER.
2980294.
Court of Civil Appeals of Alabama.
May 21, 1999.
Rehearing Denied July 2, 1999.
*970 Anthony N. Fox and Tommy C. Ritter, Jr., of Clark & Scott, P.C., Birmingham, for appellant.
Harvey Jackson, Jr., and Richard E. Fikes of Tweedy, Jackson, Beech & Fikes, Jasper, for appellee.
MONROE, Judge.
Huel Shadinger was injured in a work-related accident in 1987. His employer, Chatham Steel Corporation, paid him workers' compensation benefits for a temporary total disability. In February 1991, Huel was found to be permanently and totally disabled, and he was awarded benefits accordingly. In April 1998, he died of a cause unrelated to his 1987 accident.
On September 3, 1998, Huel's wife, Gennell Shadinger, sued Chatham Steel, seeking death benefits she claimed she was entitled to receive as Huel's widow. The trial court awarded her $126.16 a week, which is one-half of the average weekly wage Huel was earning when he was working, for 117 weeks and two days. The trial court also found that Chatham Steel was not entitled to deduct from Gennell's benefits the amount of temporary total-disability benefits it already had paid Huel before his permanent disability benefits were determined. Chatham Steel appealed.
The facts in this case are not in dispute; we are to determine only whether the trial court properly applied the law to those facts. A trial court's decisions on legal issues are reviewed de novo and are not entitled to a presumption of correctness on appeal. Stewart v. Goodyear Tire & Rubber Co., 686 So.2d 1225 (Ala.Civ. App.1996).
Chatham Steel argues that the trial court erred in refusing to allow it to deduct the temporary total-disability benefits previously paid to Huel from the death benefits it is now required to pay Gennell. We note that, despite awarding Gennell appropriate death benefits, the trial court found that §§ 25-5-57(a)(5) and 25-5-60 are in conflict. However, as demonstrated below, the statutes work in concert with each other when properly applied.
Section 25-5-57(a)(5), Ala.Code 1975, reads as follows:
"(5) DEATH FOLLOWING DISABILITY. If an employee sustains an injury occasioned by an accident arising out of and in the course of his or her employment and, during the period of disability caused thereby, death results proximately therefrom, all payments previously made as compensation for the injury shall be deducted from the compensation, if any, due on account of death. If an employee who [sic] sustains a permanent partial or permanent total disability, the degree of which has been agreed upon by the parties or has been ascertained by the court, and death results not proximately therefrom, the employee's surviving spouse or dependent children or both shall be entitled to the balance of the payments which would have been due and payable to the worker, whether or not the decedent employee was receiving compensation for permanent total disability, not exceeding, however, the amount that would have been due the surviving spouse or dependent children or both if death had resulted proximately from an injury on account of which compensation is being paid to an employee."
Because Huel died from causes unrelated to his work-related accident, the second sentence of § 25-5-57(a)(5) is controlling. The statute makes it clear that once the amount of disability benefits due the worker has been established, then if the worker dies from a cause unrelated to the work-related injury, his spouse and dependents are entitled to recover the benefits still due to the worker. Essentially, the spouse steps into the shoes of the worker, to continue receiving the benefits owed. The *971 one exception to this, however, is that the spouse and dependents cannot recover more from the worker's benefits than the maximum they would be entitled to had the worker died from his work-related injury. The maximum amount of benefits allowed in cases in which the worker dies from a work-related injury is set forth in § 25-5-60, Ala.Code 1975.
In other words, if a worker is entitled to receive workers' compensation disability benefits, but dies of an unrelated cause, his dependents are entitled to those benefits, or to the maximum amount of benefits they would have received had he died of a work-related injury, whichever amount is lower.
The statute provides that, in those cases in which the worker dies from a cause unrelated to his job, the amount of disability benefits he was entitled to receive must have been established in order for the dependents to be entitled to recover those benefits. Because the amount of disability benefits due had already been established, no set-off is required for the amount of temporary benefits already paid. The setoff provision applies only to that portion of the statute dealing with cases in which the worker dies of his work-related injury.
The trial court properly refused to deduct the amount of temporary total-disability benefits the worker had received from the amount of benefits awarded to his widow. The judgment is affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.
CRAWLEY and THOMPSON, JJ. dissent.
THOMPSON, Judge, dissenting.
The issue, as framed by Chatham Steel both in the trial court and in this court, is whether it should be allowed a credit for temporary total-disability benefits paid to Huel Shadinger ("Shadinger") against the death benefits to be paid to his widow, Gennell Shadinger (the "widow"). Chatham Steel argues here, as it argued at trial, that in order to resolve the question whether temporary total-disability benefits must be deducted from compensation paid to a widow, this court must resolve what Chatham Steel perceives to be a conflict between §§ 25-5-57(a)(5) and 25-5-60(2), Ala.Code 1975.
Shadinger's injury occurred in 1989, and his action for benefits as a result of that injury was determined pursuant to the old Workmen's Compensation Act, which was in effect on the date of his injury. The new Workers' Compensation Act became effective on May 19, 1992, although some provisions relating to the burden of proof and the standard of review did not become effective until August 1, 1992. Ala. Acts 1992, Act. No. 92-537; § 25-5-81(c) and (e), Ala.Code 1975. At trial and on appeal, both parties argued their interpretations of §§ 25-5-57(a)(5) and 25-5-60(2) of the new Workers' Compensation Act. Neither the parties nor the majority has addressed the issue whether the provisions of the old Workmen's Compensation Act or the provisions of the new Workers' Compensation Act apply to this action.
Our supreme court has held that an employee's claim for benefits under the statute is distinct from a claim by his dependents to benefits under the statute. Wade & Richey v. Oglesby, 251 Ala. 356, 37 So.2d 596 (1948). "[The section awarding compensation to dependents upon the death of the employee] is an express recognition of the principle that the claim of the [worker] and the claim of his dependents on his death are separate and distinct...." Wade & Richey v. Oglesby, 251 Ala. at 358, 37 So.2d at 597.
In Tennessee Coal & Iron Div., United States Steel Corp. v. Hubbert, 268 Ala. 674, 110 So.2d 260 (1959), the worker, in 1954, entered into a settlement agreement with his employer to receive workers' compensation benefits for 300 weeks. The worker died on September 13, 1955, from causes *972 not related to his on-the-job injury. Id. On September 7, 1955, the Alabama legislature had enacted Code 1940, Tit. 26, § 279, which provided that a worker's dependents could receive benefits where the worker's death was not proximately caused by the injury for which he was receiving benefits; that section was a predecessor to § 25-5-57(a)(5), Ala.Code 1975. Id. The supreme court held that the enactment of § 279 could not be applied retroactively to the date of the injury so as to allow the employee's widow to recover benefits pursuant to that section. In so holding, the court quoted with approval:
"`A [worker's] compensation act is contractual in its nature, and therefore any legislation which purports to change a substantial term of a contract operative at the time of the plaintiff's injury would impair the obligation of such contract and fall within the ban of the Constitution.'"
Tennessee Coal & Iron Div., 268 Ala. at 677, 110 So.2d at 263 (quoting 12 Am.Jur. Constitutional Law, § 389).
This court has stated:
"It is a controlling feature that [worker's] compensation is of a contractual nature. Alabama has adopted the majority rule that the legislature is free to change the provisions of a compensation law up until the time of injury. However, because the employer and employee have implicitly contracted to abide by the compensation scheme in effect at the moment of injury, any attempt to amend the compensation schedule after the injurious accident can have no bearing on the award given, and if such retrospective application is given the amendment, then an unconstitutional impairment of contract obligations occurs."
Harris v. National Truck Service, 56 Ala. App. 350, 354, 321 So.2d 690 (Ala.Civ.App. 1975).
The old Workmen's Compensation Act was in effect at the time of Shadinger's injury. Thus, the rights and liabilities of the parties to Shadinger's workers' compensation action were determined under that statute. Because the workers' compensation statute is contractual in nature, the provisions of the Workmen's Compensation Act govern this action. All citations to the statute in this dissent will refer to those sections as set forth in the Workmen's Compensation Act, which was superseded in 1992 by the Workers' Compensation Act.
In interpreting the relevant sections of the Workmen's Compensation Act, I note that general rules of statutory construction apply. Words in a statute are to be given their natural, plain, ordinary, and commonly understood meaning. IMED Corp. v. Systems Engineering Associates Corp., 602 So.2d 344 (Ala.1992). All words of a statute are to be given effect, if possible. Michael v. Beasley, 583 So.2d 245 (Ala. 1991). The subsections of a statute are to be construed together to give meaning to each. McCausland v. Tide-Mayflower Moving & Storage, 499 So.2d 1378 (Ala. 1986). If the statute's language is clear and unambiguous, the clearly expressed intent of the legislature must be given effect. Ex parte Prudential Ins. Co. of America, 721 So.2d 1135 (Ala.1998).
Section 25-5-57(a)(5) of the Workmen's Compensation Act read as follows:
"(5) Death Following Disability.In case a workman sustained an injury occasioned by an accident arising out of and in the course of his employment and, during the period of disability caused thereby, death results proximately therefrom, all payments previously made as compensation for such injury shall be deducted from the compensation, if any, due on account of death. If a workman ... has sustained a permanent partial or permanent total disability, the degree of which has been agreed upon by the parties or has been ascertained by the court, and death results not proximately therefrom, the employee's surviving spouse and/or dependent children shall be entitled to the balance *973 of the payments which would have been due and payable to the workman, whether or not the decedent employee was receiving compensation for permanent total disability, not exceeding, however, the amount that would have been due the surviving spouse and/or dependent children if death had resulted proximately from the injury. Except as provided in this subdivision, no benefits shall be payable on account of death resulting, proximately or not proximately, from an injury on account of which compensation is being paid to an employee."
(Emphasis added.)
Shadinger's death was not attributable to his on-the-job injury. However, the widow's recovery of benefits is limited to an amount that does not exceed the amount she would have recovered if Shadinger's death had been attributable to his injury. § 25-5-57(a)(5), Ala.Code 1975.
The parties and the majority of this court assume that the widow was entitled to recover a portion of the benefits that would have been payable to her husband had he lived; the parties' dispute regards the amounts that may be deducted from any award of compensation to her. A dependent's recovery of benefits where the worker's death was not a proximate result of the injury may not exceed the amount the dependent would have received if the worker's death had been attributable to his injury. § 25-5-57(a)(5), Ala.Code 1975. However, § 25-5-57(a)(5) does not provide that benefits are recoverable in all cases where the disabled employee dies as a proximate result of the injury. The first sentence of § 25-5-57(a)(5) states that where the worker's death is the proximate result of the injury, all compensation previously paid to the worker "shall be deducted from the compensation, if any, due on account of death." § 25-5-57(a)(5) (emphasis added). Therefore, the amount of compensation due, "if any," had Shadinger's death been attributable to the disability or injury must be determined.
The section of the Workmen's Compensation Act governing compensation payable upon the death of a worker read in part:
"In death cases, where the death results proximately from the accident within three years, compensation payable to dependents shall be computed on the following basis and shall be paid to the persons entitled thereto without administration, or to a guardian or such other person as the court may direct, for the use and benefit of the person entitled thereto."
§ 25-5-60, Ala.Code 1975 (emphasis added).
Section 25-5-60 does not provide a dependent with any right for compensation where the worker's death is not a proximate result of the injury. It also makes no provision for a dependent's recovery of benefits where the worker's death occurs three or more years after the accident or injury. That section is limited to those situations in which a worker dies as a proximate result of an injury and within three years of the accident or injury. § 25-5-60.
In Guy v. Southwest Alabama Council on Alcoholism, 495 So.2d 77 (Ala.Civ.App. 1986), the trial court dismissed the dependent's claim for benefits where the worker's death occurred (apparently as a result of the work-related accident or injury) more than three years after the accident. This court affirmed, accepting § 25-5-60 as constitutional and as not violating the dependent's rights to due process and equal protection. The court stated that the language of § 25-5-60 was clear and that its three-year limitation clearly applied to prevent the dependent's recovery of benefits.
In Kilgore v. Alabama By-Products Corp., 581 So.2d 872 (Ala.Civ.App.1991), this court affirmed the trial court's summary judgment, holding that the dependent could not seek benefits under § 25-5-60 because the employee's death, attributable *974 to the injury, had occurred more than three years after the injury. "The express requirement of the statutes in question [§§ 25-5-60 and 25-5-80][1] places a three-year requirement between the time of injury and the time of death in order to be eligible for workmen's compensation death benefits." Kilgore v. Alabama By-Products Corp., 581 So.2d at 874. "In the instant case, it is undisputed that the employee did not die within the requisite three years; therefore, all claims for compensation based on his death are barred." 581 So.2d at 873.
Thus, I believe that § 25-5-57(a)(5) limits the widow's recovery to the amount she would have been entitled to if Shadinger had died as a proximate result of his injury. The "if any" language in the first sentence of § 25-5-57(a)(5) makes it clear that compensation is not always available where the worker's death is a proximate result of the injury. In order to determine whether a dependent may recover when the worker's death is a proximate result of the injury, we should look to § 25-5-60, Ala.Code 1975. That section is limited to situations in which the worker's death occurred within three years of the injury and was a proximate result of the injury.
If the death is a result of the injury, it must occur within three years of the injury in order for a dependent to maintain a claim for benefits. § 25-5-60; Kilgore v. Alabama By-Products Corp., 581 So.2d 872 (Ala.Civ.App.1991); Guy v. Southwest Alabama Council on Alcoholism, 495 So.2d 77 (Ala.Civ.App.1986). Shadinger did not die as a proximate result of his injury. Further, he died well over three years after the date of his injury. For that reason, I conclude that § 25-5-60 does not apply in this case and that the widow could not have recovered under that section if Shadinger's death had been a proximate result of his injury. Because § 25-5-57(a)(5) states that a dependent's recovery, where the worker's death was not a proximate result of the injury, may not exceed the recovery that would have been available had the worker's death been attributable to the injury, I believe the widow was not entitled to recovery under § 25-5-57 or § 25-5-60. However, although this discussion was necessary in order to interpret the statutes, the argument was not made to the trial court or to this court. This court may not reverse on an issue that has not been raised either at the trial court or in this court. Pate v. Billy Boyd Realty & Constr., Inc., 699 So.2d 186 (Ala.Civ.App.1997). An issue that is not raised in a brief on appeal is waived. Pardue v. Potter, 632 So.2d 470 (Ala.1994); Deutcsh v. Birmingham Post Co., 603 So.2d 910 (Ala.1992); Bogle v. Scheer, 512 So.2d 1336 (Ala.1987).
Chatham Steel argued that the trial court erred in refusing to allow it a credit, against the benefits awarded to the widow, for the temporary total-disability benefits it had paid to Shadinger. In order to reach this issue, I assume, as did the parties, that § 25-5-60 applies to the facts of this case.
As discussed previously, the widow's recovery of benefits may not exceed the amount of benefits, if any, she would receive if Shadinger's death had occurred as a proximate result of the injury. § 25-5-57(a)(5). Assuming that the facts of this case bring the parties within the provisions of § 25-5-60, which governs the recovery of compensation upon a worker's death, it is clear that the widow could receive 50% of Shadinger's average weekly earnings for a maximum of 500 weeks.
"(1) Persons Entitled to Benefits; Amount of Benefits.

*975 "(a) If the deceased employee leaves one dependent, there shall be paid to the dependent 50 percent of the average weekly earnings of the deceased.
". . . .
"(2) Maximum and Minimum Compensation Awards. The compensation payable in case of death to persons wholly dependent shall be subject to a maximum and minimum weekly compensation as stated in section 25-5-68.... The compensation shall be paid during dependency, not exceeding 500 weeks. Payments shall be made at the intervals when the earnings were payable, as nearly as may be, unless the parties otherwise agree."
§ 25-5-60, Ala.Code 1975 (superseded).
The trial court awarded the widow benefits under § 25-5-60 for 117 weeks and 2 days; the court reached that award by subtracting the number of weeks Shadinger had received permanent total-disability benefits from the maximum 500 weeks for which a dependent may receive benefits. Section 25-5-60 does not require that any amounts be subtracted from the amounts awarded under that section. However, § 25-5-57(a)(5) states that, where the worker's death results proximately from the injury, "all payments previously made as compensation for such injury shall be deducted from the compensation, if any, due on account of death." It is undisputed that the temporary total-disability payments made by Chatham Steel to Shadinger were a part of the total compensation paid for Shadinger's on-the-job injury. Thus, under the clear language of § 25-5-57(a)(5), temporary total-disability payments must be deducted from any compensation awarded to a dependent, when the worker's death was attributable to his injury. Because the amount of compensation awarded to a dependent when a worker's death is not a proximate result of the injury may not exceed the compensation awarded where the worker's death was the proximate result of the injury, § 25-5-57(a)(5), any temporary total-disability benefits must also be deducted from the total compensation paid, when the worker's death was not a proximate result of the injury.
I believe the trial court erred in failing to deduct the temporary total-disability benefits paid to Shadinger from the compensation it awarded to the widow. I must respectfully dissent.
CRAWLEY, J., concurs.
NOTES
[1] Section 25-5-80 of the Workmen's Compensation Act provided in part:

"In case of death, all claims for compensation shall be forever barred unless within one year after death, when the death results proximately from the accident within three years, the parties shall have agreed upon the compensation under this article and article 2 of this chapter, or unless within one year after such death one of the parties shall have filed a verified complaint as provided in section 25-5-88."