786 So.2d 509 (2000)
DRUMMOND COMPANY, INC.
v.
Giles H. LOLLEY.
2990131.
Court of Civil Appeals of Alabama.
June 23, 2000.
Rehearing Denied August 11, 2000.
Certiorari Denied December 1, 2000.
*510 William Anthony Davis III and Philip G. Piggott of Starnes & Atchison, L.L.P., Birmingham, for appellant.
James C. King and Robert O. Bryan of King & Warren, L.L.C., Jasper, for appellee.
Alabama Supreme Court 1992190.
MONROE, Judge.
Giles H. Lolley was injured in a work-related accident in 1986. His employer, Drummond Company, Inc., paid him workers' compensation benefits for a temporary total disability. In July 1992, Mr. Lolley was found to be permanently and totally disabled because of the work-related accident. He and Drummond reached a settlement, by which Drummond would pay him workers' compensation benefits of $260 per week. In April 1999, Mr. Lolley died of a cause unrelated to his 1986 accident.
Mr. Lolley's wife, Dorothy Lolley, petitioned the court for a continuation of Mr. Lolley's workers' compensation benefits, claiming she, as his widow, was entitled to receive benefits. The trial court awarded her $260 a week, for 148 weeks, including 23 weeks of accrued benefits. Apparently, the court arrived at 148 weeks by subtracting the number of weeks of benefits Mr. Lolley had received from the maximum benefits, benefits for 500 weeks, a dependent may receive if death results proximately from a work-related injury. The trial court also found that Drummond was not entitled to deduct from the ordered benefits the amount of temporary-total-disability benefits it had paid Mr. Lolley before his permanent-disability benefits were determined. Drummond appealed.
*511 The facts in this case are not in dispute; we are to determine only whether the trial court properly applied the law to those facts. A trial court's decisions on legal issues are reviewed de novo and are not entitled to a presumption of correctness on appeal. Stewart v. Goodyear Tire & Rubber Co., 686 So.2d 1225 (Ala.Civ. App.1996).
Drummond argues that the trial court erred in awarding Mrs. Lolley benefits. Drummond correctly states that under § 25-5-57(a)(5), Ala.Code 1975, her recovery is limited to the amount she would have been entitled to receive had Mr. Lolley died from his work-related injury. Drummond further states that § 25-5-60, Ala.Code 1975, governs cases in which the worker dies from his work-related injury and that under that statute, the dependents' recovery of benefits is limited to "where the death results proximately from the accident within three years." § 25-5-60.
On appeal, Drummond argues that because Mr. Lolley died more than three years after the date of his work-related injury, his widow is not entitled to receive benefits. This issue was not raised before the trial court. It appears that the trial court held a hearing. However, this court has not been provided a transcript of that hearing. Drummond has the burden to provide this court with a record containing sufficient evidence to warrant reversal. Gotlieb v. Collat, 567 So.2d 1302 (Ala.1990). The record cannot be changed, altered, or varied on appeal by statements in briefs. Id.
"Error asserted on appeal must be affirmatively demonstrated by the record. If the record does not disclose the facts upon which the asserted error is based, the error may not be considered on appeal. Liberty Loan Corp. of Gadsden v. Williams, 406 So.2d 988 (Ala.Civ.App. 1981). Additionally, evidence presented to the trial court that is not preserved in the record on appeal is conclusively presumed to support the trial court's judgment. English v. English, 352 So.2d 454 (Ala.Civ.App.1977)."
Greer v. Greer, 624 So.2d 1076, 1077 (Ala. Civ.App.1993).
Judge Crawley's dissenting opinion states that the three-year provision in § 25-5-60, Ala.Code 1975, is a statute of limitations, a statute of limitations he contends was before the trial court because the employer, in its answer, included the phrase "Pleads the statute of limitations as an affirmative defense." Even if we considered the phrase to state a statute-of-limitations defense, this court could not review the limitations issue because it was not brought before the trial court. See S.L.C. v. State ex rel. J.J.S., 667 So.2d 120 (Ala.Civ.App.1995); State v. E.B.M., 718 So.2d 669 (Ala.1998). We cannot conclude that the parties understood this standard phrase in an answer to be a reference to the three-year provision under the Workers' Compensation Act, § 25-5-60. The issue now raised regarding the fact that the employee died more than three years after his injury does not appear in any of the parties' motions made to the trial court. Nothing in the record indicates that the trial court considered the issue. The trial court's order, which is 1½ pages long, does not mention the issue. Because the record does not indicate that Drummond raised the issue before the trial court, Drummond cannot raise it here. Martin v. Martin, 656 So.2d 846, 847 (Ala. Civ.App.1995).
Drummond also argues that the trial court erred in refusing to allow it to set off the total-disability benefits it had previously paid to Mr. Lolley from the benefits it was ordered to pay his widow. The *512 court awarded Mrs. Lolley benefits under § 25-5-57(a)(5), Ala.Code 1975, which provides:
"(5) DEATH FOLLOWING DISABILITY. If an employee sustains an injury occasioned by an accident arising out of and in the course of his or her employment and, during the period of disability caused thereby, death results proximately therefrom, all payments previously made as compensation for the injury shall be deducted from the compensation, if any, due on account of death. If an employee who [sic] sustains a permanent partial or permanent total disability, the degree of which has been agreed upon by the parties or has been ascertained by the court, and death results not proximately therefrom, the employee's surviving spouse or dependent children or both shall be entitled to the balance of the payments which would have been due and payable to the worker, whether or not the decedent employee was receiving compensation for permanent total disability, not exceeding, however, the amount that would have been due the surviving spouse or dependent children or both if death had resulted proximately from an injury on account of which compensation is being paid to an employee."
Because Mr. Lolley died from causes unrelated to his work-related accident, the second sentence of § 25-5-57(a)(5) is controlling.
The statute is clear: When the amount of disability benefits due the worker has been established, if the worker then dies from a cause unrelated to the work-related injury, his spouse and dependents are entitled to the benefits that would have been due to the worker. "Essentially, the spouse steps into the shoes of the worker, to continue receiving the benefits owed." Chatham Steel Corp. v. Shadinger, 768 So.2d 969 (Ala.Civ.App.1999). However, the spouse and dependents cannot recover more benefits than the maximum they would have been entitled to had the worker died from his work-related injury. Section 25-5-60, Ala.Code 1975, provides the maximum amount of benefits allowed in cases in which the worker dies from a work-related injury. "In other words, if a worker is entitled to receive workers' compensation disability benefits, but dies of an unrelated cause, his dependents are entitled to those benefits, or to the maximum amount of benefits they would have received had he died of a work-related injury, whichever amount is lower." Id.
Therefore, when a worker dies from a cause unrelated to his work-related injury, in order for the worker's dependents to be entitled to recover benefits, the amount of the worker's disability benefits he was entitled to must have been established. As stated above, Mr. Lolley and Drummond entered into a settlement, by which they agreed that Mr. Lolley was permanently and totally disabled because of the work-related accident and that he was entitled to workers' compensation benefits of $260 per week. "Because the amount of disability benefits due had already been established, no set-off is required for the amount of temporary benefits already paid." Id.
The set-off provision on which Drummond relies is not applicable to this case. The set-off provision applies only to that portion of the statute dealing with cases in which the worker dies of his work-related injury. Id. Thus, the trial court properly denied Drummond a set-off. Drummond's attempt to have the set-off provision apply in cases like this one is an attempt to change the law. The Legislature is the only body with the authority to change workers' compensation law.
*513 The trial court properly refused to deduct the amount of temporary-total-disability benefits the worker had received from the amount of benefits awarded to his widow.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.
CRAWLEY and THOMPSON, JJ., dissent.
CRAWLEY, Judge, dissenting.
I must dissent from the order affirming the judgment. To better explain why I would reverse the judgment, I will recite the facts.
In 1986, Giles Lolley (the "worker") was injured in a work-related accident while working for Drummond Company, Inc. (the "company"). Lolley was paid temporary total-disability benefits for 168 weeks and 4 days. In 1992, the company and the worker agreed that the company would pay the worker $260 per week for the remainder of the worker's life. In 1999, the worker died; his death did not proximately result from his work-related accident. His surviving spouse, Dorothy Lolley (the "widow") petitioned the trial court for death benefits. The company argued that it was entitled to set off the temporary total-disability benefits it had paid to the worker against those benefits. It also raised the "statute of limitations" as a defense. The trial court awarded the widow the requested benefits and denied the company's request for a set-off, based on Chatham Steel Corp. v. Shadinger, 768 So.2d 969 (Ala.Civ.App.1999). The company appeals, arguing that the fact that the worker died more than three years after the injury precludes the widow's recovery and that it was entitled to a set-off based upon the clear language of the statute. In its brief, the company argues that the widow is not entitled to any compensation under Ala.Code 1975, § 25-5-57(a)(5), because the worker died more than three years after his work-related accident. See Ala.Code 1975, § 25-5-60. In its answer to the widow's petition, the company pleaded the "statute of limitations" as a defense to her claim. On appeal, Mrs. Lolley does not challenge the company's argument that the interplay of §§ 25-5-57(a)(5) and 25-5-60 bars her claim for benefits as one not raised in the trial court. Although § 25-5-60 is not a true statute of limitations, I conclude that the parties understood the use of that term in the company's pleading to be a reference to the 3-year time requirement between the injury to, and the death of, a worker in § 25-5-60. In Shadinger, this court did not consider whether the fact that Shadinger's spouse had died more than three years after his work-related accident affected her ability to recover under the statute because that argument had not been raised by the company in either the trial court or on appeal.
Section 25-5-57(a)(5) states that a surviving spouse whose spouse's death does not result proximately from his work-related injury, "shall be entitled to the balance of the payments which would have been due and payable to the worker ... not exceeding, however, the amount that would have been due the surviving spouse ... if death had resulted proximately from an injury on account of which compensation is being paid...." Because Ala.Code 1975, § 25-5-60, cuts off the right of recovery of a surviving spouse whose spouse's death results proximately from the work-related accident after the three-year time limitation, Kilgore v. Alabama By-Products Corp., 581 So.2d 872 (Ala.Civ.App.1991), a spouse whose spouse died more than three years after his work-related injury from causes not related to that injury would not be entitled to any compensation. Because *514 § 25-5-57(a)(5) clearly states that the widow is not entitled to an amount more than she would have been entitled to had the worker died as a result of his work-related accident, I conclude that she is not entitled to any compensation at all. See Shadinger, 768 So.2d at 971-72 (Thompson, J., dissenting).
THOMPSON, Judge, dissenting.
I dissent, for the reasons stated in my dissent in Chatham Steel Corp. v. Shadinger, 768 So.2d 969 (Ala.Civ.App.1999) (Thompson, J., dissenting, with Crawley, J., concurring in the dissent).
First, I believe the main opinion erred in applying the Workers' Compensation Act, which superseded the Workmen's Compensation Act, to the facts of this case. Lolley's on-the-job injury occurred in 1986. Therefore, I conclude that the provisions of the compensation act in effect at the time of the worker's injury is the controlling authority for this case. See Chatham Steel Corp. v. Shadinger (Thompson, J., dissenting), supra; Tennessee Coal & Iron Div., United States Steel Corp. v. Hubbert, 268 Ala. 674, 110 So.2d 260 (1959); Harris v. National Truck Serv., 56 Ala.App. 350, 321 So.2d 690 (Ala.Civ.App.1975). For that reason, all citations to the statute in this dissent will refer to those sections as set forth in the old Workmen's Compensation Act.
In Chatham Steel Corp. v. Shadinger, as well as in this case, the appellant could not establish that the argument concerning whether § 25-5-60, Ala.Code 1975, barred recovery was made before the trial court. That section begins: "In death cases, where the death results proximately from the accident within three years, compensation payable to dependents shall be computed on the following basis...." I conclude that § 25-5-60 would bar Dorothy's claim because Lolley did not die as a proximate result of the on-the-job accident and because he died more than three years after his on-the-job accident. See Kilgore v. Alabama By-Products Corp., 581 So.2d 872 (Ala.Civ.App.1991); Guy v. Southwest Alabama Council on Alcoholism, 495 So.2d 77 (Ala.Civ.App.1986). However, the record on appeal contains no transcript to indicate that this argument was advanced before the trial court. It is the appellant's duty to ensure that the record on appeal contains sufficient evidence to warrant a reversal. State ex rel. Gibson v. Gibson, 555 So.2d 1092 (Ala.Civ.App.1989). This court does not presume error on the part of the trial court. Therefore, for the purpose of this appeal, I must assume that the facts of this case do fall within the confines of § 25-5-60 and that section and § 25-5-57(a)(5) govern Dorothy's recovery of benefits.
Section 25-5-60 provides that Dorothy can recover one-half of Lolley's average weekly earnings for a maximum of 500 weeks. §§ 25-5-60(1)(a) and 25-5-60(2), Ala.Code 1975. The Workmen's Compensation Act, § 25-5-57(5), reads as follows:
"(5) Death Following Disability.In case a workman sustained an injury occasioned by an accident arising out of and in the course of his employment and, during the period of disability caused thereby, death results proximately therefrom, all payments previously made as compensation for such injury shall be deducted from the compensation, if any, due on account of death. If a workman ... has sustained a permanent partial or permanent total disability, the degree of which has been agreed upon by the parties or has been ascertained by the court, and death results not proximately therefrom, the employee's surviving spouse and/or dependent children shall be entitled to the balance of the payments which would have been *515 due and payable to the workman, whether or not the decedent employee was receiving compensation for permanent total disability, not exceeding, however, the amount that would have been due the surviving spouse and/or dependent children if death had resulted proximately from the injury. Except as provided in this subdivision, no benefits shall be payable on account of death resulting, proximately or not proximately, from an injury on account of which compensation is being paid to an employee."
(Emphasis added.)
Thus, pursuant to § 25-5-57(a)(5), a survivor of a worker who died as a proximate result of the on-the-job injury has his or her benefits reduced by the amount of "all payments previously made as compensation for such injury." The death benefits where the worker did not die as a proximate result of the on-the-job injury cannot exceed those that would be due if the death had proximately from the injury. Therefore, I believe it is clear that under § 25-5-57(a)(5), all payments made as compensation, including those made for temporary total disability, must be deducted from the total amount of death benefits, whether or not the worker died as a proximate result of the on-the-job accident.
In my dissent in Chatham Steel Corp. v. Shadinger, supra, I concluded that the trial court erred in refusing to reduce the amount of the death benefits by the amount of temporary disability benefits paid to the worker. A majority of this court affirmed that decision by concluding that the set-off provision did not apply where the worker died from causes not proximately related to the on-the-job accident. Chatham Steel Corp. v. Shadinger, supra. In this case, the trial court relied on the main opinion's holding in Chatham Steel Corp. v. Shadinger, supra; I cannot fault the trial court for following precedent. However, because I conclude that that precedent was incorrectly decided, I must dissent from the main opinion's affirmance of the trial court's judgment.