825 So.2d 823 (2001)
DRUMMOND COMPANY, INC.
v.
Mattie BOATMAN.
2991395.
Court of Civil Appeals of Alabama.
June 1, 2001.
Rehearing Denied July 13, 2001.
Certiorari Denied January 25, 2002.
*824 William Anthony Davis III and Philip G. Piggott of Starnes & Atchison, L.L.P., Birmingham, for appellant.
Pat Nelson of Robinson & Nelson, Jasper, for appellee.
Alabama Supreme Court 1001892.
PITTMAN, Judge.
The employer appeals from an order of the circuit court awarding workers' compensation benefits to a surviving spouse of a deceased worker. The sole question on appeal is whether the court erred as a matter of law in holding that a surviving spouse is eligible to receive workers' compensation benefits even though the worker's death did not occur as a result of the worker's workplace-related injury for which he had received benefits and did not occur within three years of the date of the worker's injury. Because the trial court, in making its determination to award workers' compensation benefits to the surviving spouse, followed precedent which this Court now overrules, we reverse and remand.
The employer, the Drummond Company, Inc. (hereinafter "Drummond"), presented to the trial court a stipulation of facts. That stipulation was adopted by the surviving spouse, Mattie Boatman. According to that stipulation, on March 21, 1990, J.B. Boatman, an employee of Drummond, suffered a workplace-related injury. Because both Boatman and Drummond were subject to the Alabama Workers' Compensation Act, Ala.Code 1975, § 25-5-1, et seq., Drummond paid temporary-total-disability benefits to Mr. Boatman in the amount of $357 per week from March 21, 1990, to September 2, 1990, when he returned to work for Drummond.
Pursuant to a settlement agreement, Drummond continued to pay Mr. Boatman temporary-total-disability benefits in the same amount from September 2, 1990, to June 15, 1991, totaling $14,637. The settlement agreement also stated that Drummond was to pay Mr. Boatman $15,363 for any future claims relating to rehabilitation, and $900 per month from June 15, 1991, continuing for the remainder of his life. The trial court's order memorializing the *825 settlement agreement stated: "[S]hould [Mr. Boatman] die, any future benefits shall be paid to [his] surviving spouse or dependent pursuant to ... § 25-5-57(a)(5) of the Code of Alabama." Pursuant to the settlement agreement, Drummond continued to pay Boatman benefits from June 15, 1991, to January 31, 2000. On January 7, 2000, Boatman died from causes unrelated to the workplace injury for which he had received benefits. Mrs. Boatman, at the time of her husband's death, was completely dependent on him for her support. On March 22, 2000, she filed a motion requesting the trial court to order Drummond to pay her the workers' compensation benefits Mr. Boatman had been receiving. On September 13, 2000, the trial court granted the motion and entered an order requiring Drummond to continue paying the benefits and to pay them to Mrs. Boatman. Drummond appeals from that order.
When the facts of a case are not in dispute, this court merely determines whether the trial court properly applied the law to those facts. A trial court's decision on a legal issue is reviewed de novo and is not entitled to a presumption of correctness on appeal. See Chatham Steel Corp. v. Shadinger, 768 So.2d 969, 970 (Ala.Civ.App.1999), quoting Stewart v. Goodyear Tire & Rubber Co., 686 So.2d 1225 (Ala.Civ.App.1996).
Section 25-5-57(a)(5), Ala.Code 1975, pertains directly to the situation presented in this case. That statute reads, in pertinent part:
"(5) DEATH FOLLOWING DISABILITY. If an employee sustains an injury occasioned by an accident arising out of and in the course of his or her employment and, during the period of disability caused thereby, death results proximately therefrom, all payments previously made as compensation for the injury shall be deducted from the compensation, if any, due on account of death. If an employee who sustains a permanent partial or permanent total disability, the degree of which has been agreed upon by the parties or has been ascertained by the court, and death results not proximately therefrom, the employee's surviving spouse or dependent children or both shall be entitled to the balance of the payments which would have been due and payable to the worker, whether or not the decedent employee was receiving compensation for permanent total disability, not exceeding, however, the amount that would have been due the surviving spouse or dependent children or both if death had resulted proximately from an injury on account of which compensation is being paid to an employee."
Mrs. Boatman, as the worker's surviving spouse, qualifies as a "wholly dependent" person, under § 25-5-61(1), Ala.Code 1975.
The first sentence of § 25-5-57(a)(5) refers to those situations in which an employee suffers a workplace-related injury and dies as a result of that injury. The second sentence refers to those situations in which an employee suffers a workplace-related injury but dies from causes unrelated to that injury. Under that second sentence, because the worker died from causes unrelated to his workplace-related injury, Mrs. Boatman, as his surviving spouse, is possibly entitled to receive the balance of his workers' compensation benefits, but in an amount not to exceed the benefits that would have been due to her if his death had resulted from his workplace-related injury. Thus, we must determine what portion of the worker's benefits, if any, would have been owed to his surviving spouse if he had died as a result if his workplace-related injury.
*826 Mrs. Boatman contends that § 25-5-60(2), Ala.Code 1975, governs the determination of benefits due to a worker's surviving spouse if the worker dies from causes attributable to his workplace-related injuries. Specifically, she argues that the pertinent language in subsection (2) provides that she, on behalf of her husband, is entitled to receive compensation "during dependency, not exceeding 500 weeks," and that because that subsection makes no mention of previous payments of temporary-total-disability benefits paid to the worker, the amount owing to her at her husband's death is not to be reduced by the amount of those payments. See § 25-5-60(2).
However, more accurately, § 25-5-60(2) prescribes the amount of benefits owing to a surviving spouse if the worker dies of causes related to his workplace-related injury and dies within three years from the date of the injury. As Judge Thompson points out in his dissent in Shadinger:
"Section 25-5-60 does not provide a dependent with any right for compensation where the worker's death is not a proximate result of the injury. It also makes no provision for a dependent's recovery of benefits where the worker's death occurs three or more years after the accident or injury. That section is limited to those situations in which a worker dies as a proximate result of an injury and within three years of the accident or injury. § 25-5-60.
". . .
"... Because § 25-5-57(a)(5) states that a dependent's recovery, where the worker's death was not a proximate result of the injury, may not exceed the recovery that would have been available had the worker's death been attributable to the injury, I believe the widow was not entitled to recovery under § 25-5-57 or § 25-5-60."
768 So.2d at 973-74 (Thompson, J., dissenting). (First emphasis added.) Judge Thompson clearly points out that § 25-5-60 has no application where the worker's death did not occur both as a result of his workplace-related injury and within three years from the date he received that injury. Because Mr. Boatman's death did not result from his workplace-related injury and did not occur within three years from the date he received that injury, § 25-5-60 does not apply to this situation.
Thus, because of the peculiar circumstances of Mr. Boatman's deathit did not proximately result from his workplace-related injury and within three years of the date he received that injury, neither § 25-5-57(a)(5) nor § 25-5-60(2) applies, and Mrs. Boatman is precluded from recovering workers' compensation benefits based on her husband's injury. We understand that these statutes dictate a harsh result, and we sympathize with Mrs. Boatman's situation. However, Alabama law, as it currently reads, simply does not address a situation such as hers, and it is not this Court's function to create a remedy where the Legislature has not provided one. Because we now overrule that line of cases which would operate to grant workers' compensation benefits to a surviving spouse in such a situation, the trial court's order is reversed. See Shadinger, supra, quoting Stewart, supra.
REVERSED AND REMANDED.
CRAWLEY, THOMPSON, and MURDOCK, JJ., concur.
YATES, P.J., dissents.
YATES, Presiding Judge, dissenting.
I believe the main opinion has erred in overruling Chatham Steel Corp. v. Shadinger, 768 So.2d 969 (Ala.Civ.App.1999); therefore, I must respectfully dissent.
*827 It is well settled that Alabama's workers' compensation statutes are to be liberally construed in favor of the employee, in order to effectuate the beneficent purpose of those statutes. Alfa Life Ins. Corp. v. Culverhouse, 729 So.2d 325 (Ala. 1999). Section 25-5-57(a)(5), Ala.Code 1975 provides:
"(5) DEATH FOLLOWING DISABILITY. If an employee sustains an injury occasioned by an accident arising out of and in the course of his or her employment and, during the period of disability caused thereby, death results proximately therefrom, all payments previously made as compensation for the injury shall be deducted from the compensation, if any, due on account of death. If an employee ... sustains a permanent partial or permanent total disability, the degree of which has been agreed upon by the parties or has been ascertained by the court, and death results not proximately therefrom, the employee's surviving spouse or dependent children or both shall be entitled to the balance of the payments which would have been due and payable to the worker, whether or not the decedent employee was receiving compensation for permanent total disability, not exceeding, however, the amount that would have been due the surviving spouse or dependent children or both if death had resulted proximately from an injury on account of which compensation is being paid to an employee."
Because Boatman died of causes unrelated to his workplace injury, the second sentence of § 25-5-57(a)(5) is controlling. As Judge Monroe stated in Shadinger, in this situation the spouse essentially steps into the shoes of the employee and continues to receives his benefits; the one exception being that the spouse and/or dependents may not recover more from the employee's benefits than the maximum they would be entitled to had the employee died from his work-related injury. Id.
Section 25-5-60, Ala.Code 1975, governs the maximum amount of benefits payable in a case where the employee dies from a work-related injury. Section 25-5-60 provides:
"In death cases, where the death results proximately from the accident within three years, compensation payable to dependents shall be computed on the following basis and shall be paid to the persons entitled thereto without administration, or to a guardian or other person as the court may direct, for the use and benefit of the person entitled thereto."
Section 25-5-60 specifically refers to death resulting from a workplace accident and within three years of the accidentit does not mention death resulting from causes unrelated to the workplace injury. Had the legislature intended to limit death benefits awarded to a widow where the employee's death was unrelated to a workplace injury, to three years from the date of the injury, it could have done so. It did not. In a situation where the employee dies from causes unrelated to his workplace injury, I construe the statutes as requiring the court to look to § 25-5-60 only for the purpose of determining the amount of benefits owed, and not to the requirement that death result within three years of the workplace accident. The plain language of § 25-5-60 requires only that death occur within three years of the workplace accident, when the death proximately results from the workplace accident. Section 25-5-60 does not state that death must occur within three years of the workplace accident, when the death results from causes unrelated to the workplace accident.
*828 The main opinion disregards the plain language of § 25-5-57(a)(5) and § 25-5-60, as well as a basic tenet of our Workers' Compensation Act; it construes these statutes in favor of the employer, thereby thwarting the beneficent purpose of the statutes.