848 So.2d 251 (2002)
Ex parte STATE of Alabama DEPARTMENT OF INDUSTRIAL RELATIONS, SECOND INJURY TRUST FUND.
(In re Roy A. Gibbs, Jr., et al. v. State of Alabama Department of Industrial Relations, Second Injury Trust Fund.)
1000260.
Supreme Court of Alabama.
May 3, 2002.
Rehearing Denied August 23, 2002.
*252 Frank D. Marsh, general counsel, and Craig A. Donley, asst. general counsel, Department of Industrial Relations, for petitioner.
Ralph E. Coleman of Coleman & Friday, L.L.C., Birmingham, for respondent Roy Gibbs, Jr.
David G. Wirtes, Jr., of Cunningham, Bounds, Yance, Crowder & Brown, L.L.C., Mobile; and Jay A. York and J. Stephen Legg of York & Legg, Mobile, for amicus curiae Alabama Trial Lawyers Association, in support of the respondent's second application for rehearing.

On Application For Rehearing
STUART, Justice.
The opinion of September 14, 2001, is withdrawn and the following is substituted therefor.
The issue presented by the parties is whether the dependents of a recipient of benefits from the Second Injury Trust Fund (hereinafter "SITF") are entitled to continue to receive SITF benefits after the death of the recipient. We decide this case on another basis; therefore, we do not reach this issue.
The parties entered a stipulation of facts before the trial court. Those facts are:
"1. [Roy A. Gibbs] was injured on the job with ... Jim Walter Resources, Inc., on March 28, 1992 and was last able to work on April 12, 1992 and [he] was a qualified employee as of this date as provided in Code of Alabama 1975, as amended, [§ ] 25-5-316.
"2. That [Gibbs] had previously received injuries on the job of which *253 [Jim Walter Resources, Inc.] had notice prior to his employment by [Jim Walter Resources, Inc.] which affected his employability with [Jim Walter Resources, Inc.].
"3. [Gibbs] was qualified and entitled to be paid benefits under the Second Injury Trust Fund.
"4. [Gibbs] was paid $165.00 per week from April 1, 1994, until July 29, 1994. Thereafter, [Gibbs] was paid from the `Trust' [§ ] 25-5-316, $165.00 per week until December 28, 1997, at which time the payments increased to $385.00 per week for and during the term of [Gibbs's] disability.
"5. [Gibbs] was paid these amounts until July 14, 1998, when [he] died [from a cause] not related to the injuries.
"6. At that time, [Gibbs] left surviving him a dependent wife, Cindy Gibbs, and a dependent child, Roy [A.] Gibbs, Jr., a minor, 15 years of age and decedent had residing with him one dependent grandchild, namely, John Kenneth Phillips Gibbs.[[1]]
"7. Upon the death of [Gibbs], the `Trust' discontinued payment of benefits and now refuses to make benefit payments to said dependents.
"8. The Parties stipulate the issue is whether the `Trust' is liable to pay dependent(s) upon the death of [Gibbs]."
(C. 8-9.)
Gibbs's dependents filed a declaratory-judgment action seeking to establish their rights to continued benefits. The trial court ruled that the dependents were not entitled to receive SITF benefits after the death of the qualified recipient, Roy A. Gibbs. The Court of Civil Appeals, relying on § 25-5-57(a)(5), Ala.Code 1975, reversed the judgment and remanded the case to the trial court. That court held, essentially, that the dependents step into the shoes of the deceased worker and continue to receive the benefits the deceased worker had been receiving. We granted certiorari review. We now reverse and remand.
Gibbs was injured on March 28, 1992. Section 25-5-57(a)(5), Ala.Code 1975, provides:
"(5) Death Following Disability. If an employee sustains an injury occasioned by an accident arising out of and in the course of his or her employment and, during the period of disability caused thereby, death results proximately therefrom, all payments previously made as compensation for the injury shall be deducted from the compensation, if any, due on account of death. If an employee who [sic] sustains a permanent partial or permanent total disability, the degree of which has been agreed upon by the parties or has been ascertained by the court, and death results not proximately therefrom, the employee's surviving spouse or dependent children or both shall be entitled to the balance of the payments which would have been due and payable to the worker, whether or not the decedent employee was receiving compensation for permanent total disability, not exceeding, *254 however, the amount that would have been due the surviving spouse or dependent children or both if death had resulted proximately from an injury on account of which compensation is being paid to an employee."

(Emphasis added.)
The dependents' claim to Gibbs's workers' compensation benefits is purely statutory and is governed exclusively by the Alabama Workers' Compensation Act. The provision of that Act governing benefits to be paid after the employee's death contains several restrictions on the payment of those benefits.
The restrictions the Legislature placed on the rights of the surviving spouse and children to benefits, where the claimant's death is not caused by an accident arising out of or in the course of his employment, are: (1) the employee must have sustained a permanent partial or permanent total disability; (2) the degree of the disability must have been agreed upon by the parties or must have been ascertained by the court; (3) the employee's surviving spouse or dependent children are the only proper recipients; (4) the surviving spouse or dependent children are entitled to the balance of payments that would have been payable to the employee; and (5) the amount of the benefits may not exceed the amount that would have been due if the employee's death had resulted proximately from an injury on account of which compensation is being paid to an employee. § 25-5-57(a)(5), Ala.Code 1975. The fifth restriction is determinative in this case.
When the death of the employee results from nonwork-related causes, the dependents may not receive more benefits than they would have received if the employee had died as a result of the employment-related injury. The recovery of benefits by dependents following the death of an employee caused by a work-related injury is governed by § 25-5-60, Ala.Code 1975; that section provides, in pertinent part:
"In death cases, where the death results proximately from the accident within three years, compensation payable to dependents shall be computed on the following basis and shall be paid to the persons entitled thereto without administration, or to a guardian or other person as the court may direct, for the use and benefit of the person entitled thereto...."
The parties presented no arguments related to the fifth restriction placed on the recovery of benefits by dependents following the death of the employee from nonwork-related causes. However, "this Court `will affirm the judgment appealed from if supported on any valid legal ground.'" Smith v. Equifax Servs., Inc., 537 So.2d 463, 465 (Ala.1988), quoting Tucker v. Nichols, 431 So.2d 1263, 1265 (Ala.1983).
The Court of Civil Appeals recently decided a case addressing the issue whether a surviving dependent spouse is eligible to receive workers' compensation benefits even though the worker's death did not occur as a result of the worker's work-related injury for which he had received benefits and did not occur within three years of the date of the worker's injury. The Court of Civil Appeals, in Drummond Co. v. Boatman, 825 So.2d 823 (Ala.Civ. App.2001), held that because Mr. Boatman's death did not result from his work-related injury and did not occur within three years from the date of the injury, his surviving dependent spouse was precluded from recovering workers' compensation benefits based on her husband's injury. In the case before us, Gibbs, the employee, was injured on March 28, 1992, and died of *255 nonwork-related causes more than six years later, on July 14, 1998. Therefore, Gibbs's dependents are not entitled to receive workers' compensation benefits from the SITF following his death.
Because we conclude that under the facts of this case, the dependents are precluded from receiving benefits because of the restriction imposed by § 25-5-57(a)(5), we need not discuss the issue whether the statutes relative to the SITF[2] otherwise preclude the dependents' entitlement to benefits.
The trial court correctly found that the dependents were not entitled to continued benefits after Gibbs's death. Therefore, we reverse the judgment of the Court of Civil Appeals and remand this case for that court to enter a judgment affirming the judgment of the trial court.
APPLICATION OVERRULED; OPINION OF SEPTEMBER 14, 2001, WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND REMANDED.
MOORE, C.J., and HOUSTON, SEE, BROWN, HARWOOD, and WOODALL, JJ., concur.
LYONS and JOHNSTONE, JJ., dissent.
LYONS, Justice (dissenting).
I must respectfully dissent. The main opinion completely abandons the rationale of its original opinion, and in the opinion substituted today, reverses the judgment of the Court of Civil Appeals on a ground not argued by the parties. It does so in reliance on the opinion of the Court of Civil Appeals in Drummond Co. v. Boatman, 825 So.2d 823 (Ala.Civ.App.2001), a case in which, I respectfully submit, the Court of Civil Appeals came to the same inequitable conclusion as does the main opinion in this case.
In Drummond Co., the Court of Civil Appeals, in a 4-1 decision, overruled prior cases and construed § 25-5-60, Ala.Code 1975, which provides for a lump-sum payment of death benefits where the death results from a work-related injury and occurs within three years of the injury, so as to preclude payment of any benefits to the surviving spouse and/or the dependent children of a deceased employee if the employee's death as the result of the work-related injury occurs beyond that three-year period. By that rationale, the main opinion in this case and the Court of Civil Appeals in Drummond Co. have defeated the operation of § 25-5-57(a)(5), Ala.Code 1975; that section provides that when an employee subsequently dies from causes independent of the work-related injury, the surviving spouse and/or the dependent children continue to receive monthly disability benefits, not to exceed the amount that would have been due had death resulted from the work-related injury. Judge Yates dissented in Drummond Co., and I agree with her construction of the statutes at issue.
Our caselaw emphatically recognizes our obligation to construe the workers' compensation law liberally in favor of the employee in order to effectuate the beneficent purposes of the law. See, e.g., Cooper v. Nicoletta, 797 So.2d 1072 (Ala.2001); Yates v. United States Fid. & Guar. Co., 670 So.2d 908 (Ala.1995). The result reached by this Court in the main opinion and by the Court of Civil Appeals in Drummond Co. ignores that principle.
Both § 25-5-57(a)(5) and § 25-5-60 deal with the death of an employee who has *256 been receiving disability benefits. As I read § 25-5-57(a)(5), "Death Following Disability," it means:
1. If an employee is injured on the job and later dies from the job-related injury and any death benefit is due, the employer can deduct from the death benefit any payments already made as compensation for the injury.
2. If the employee is injured on the job and later dies from a cause other than the job-related injury, the employee's dependents can collect unpaid benefits not exceeding the amount that would have been due those dependents if the employee's death had resulted from the work-related injury for which a death benefit would be due.
As I read § 25-5-60, "Compensation for Death," it means:
When an employee dies within three years and the death is the result of the job-related injury, certain scheduled benefits are due, depending on the number of dependents, etc.
Interpreting § 25-5-60, we can say that all deaths occurring more than three years after the injury are, by definition, not considered work-related. In light of the foregoing, we can then interpret § 25-5-57(a)(5) to mean:
1. When an employee dies from a job-related injury, that is, when the employee's death occurs within three years of the injury and results from the preceding injury, the employer can deduct prior payments from the death benefit.
2. When an employee dies for any reason more than three years after the initial injury or dies within three years of the injury but from a cause unrelated to the injury, his dependents collect the rest of his benefits, not to exceed what the employee would have received if he or she had died from a job-related injury that occurred within three years.
Under this reading, Gibbs's dependents should be entitled to the balance of the permanent and total disability payments that would have been due Gibbs had he lived, not to exceed the amount they would have received in death benefits had Gibbs died from his job-related injury within three years.
The benefits mandated in § 25-5-57(a)(5) as compensation to the surviving spouse and/or dependent children of an employee who was rendered disabled by an injury on the job and who later dies are completely different from the death benefits mandated in § 25-5-60 to be paid to a deceased employee's surviving spouse and/or dependent children following a fatal job-related injury, i.e., an injury that results in the employee's death within three years of the injury. Section 25-5-57(a)(5) expressly provides that an employee's surviving spouse and/or dependent children "shall be entitled" to the balance of the disability benefits that would have been due the employee. The only purpose for which death benefits are mentioned in that statute is to provide a "cap" on the benefits due the employees' survivors. The main opinion has rewritten § 25-5-57(a)(5) so that in the future, upon the death of an employee who has been injured on the job and who has been receiving disability benefits as a result of that injury for more than three years, that employee's surviving spouse and/or dependent children are entitled to nothing. In many cases, those disability benefits are the sole source of income for the employee and his or her family. To deprive the surviving spouse and/or dependent children of those benefits cannot be the result the Legislature intended for the families of employees who *257 had the misfortune both to be injured on the job and to die before they themselves had received all of the benefits to which they were entitled. I maintain that the main opinion in this case and the Court of Civil Appeals' opinion in Drummond Co. are wrongly decided. I therefore dissent.
JOHNSTONE, Justice (dissenting).
I join Justice Lyons's dissent. I add some observations of my own.
Section 25-5-57(a)(5), Ala.Code 1975, compensates dependents for a worker's after-disability death not resulting from a compensable accident. This category of death is not subject to any three-year-after-accident death deadline. The dependents in the case before us are entitled to recover under this Code section.
Section 25-5-60, Ala.Code 1975, compensates dependents for a worker's after-disability death resulting from the compensable accident. This category of death is subject to the three-year-after-accident death deadline.
The only function of the three-year-after-accident death deadline in § 25-5-60 is to differentiate between deaths deemed caused by the compensable accident and deaths deemed not caused by the compensable accident. A death more than three years after the compensable accident is deemed not caused by the accident simply through a legislative judgment that the issue of causation becomes too speculative after the passage of the three-year interval. Such a death is to be treated just like one more obviously unrelated to the compensable accident and is to be compensated to the dependents pursuant to § 25-5-57(a)(5), subject only to the monetary limit imposed by § 25-5-60 on compensation for deaths caused by the compensable accident, which deaths are defined, in part, as those occurring within three years of the compensable accident.
Every death following a compensable accident is necessarily either caused by it or not caused by it. Section 25-5-60 simply means that occurrence within three years is a statutory criterion for the category of deaths deemed to be caused by the compensable accident. Section 25-5-57(a)(5) compensates all the othersthose belatedly resulting from the compensable accident and those resulting from something else entirely, as in the case now before us subject to the monetary limits of § 25-5-60.
NOTES
[1] Gibbs's dependents included a surviving spouse, a minor child, and a grandchild. Under the "Death After Disability" provisions of the Workers' Compensation Act, the only dependents who are entitled to payments after the employee's death are the surviving spouse and children of the employee. Other "dependents" are not eligible. § 25-5-57(a)(5), Ala. Code 1975; Harris v. Kimerling Truck & Parts Co., 504 So.2d 304 (Ala.Civ.App.1986).
[2] Those statutes are § 25-5-57(a)(4)f. and 57(a)(5) (as those provisions read on the date of Gibbs's accident) and § 25-5-316.